Roger SCHUBERT *v.* TARGET STORES, INC.

04-882                                                           201 S.W.3d 909

Supreme Court of Arkansas
Opinion delivered January 27, 2005

*Bassett Law Firm*, by: *J. David Wall*, for appellant.

*Wright, Lindsey & Jennings*, by: *Kyle R. Wilson* and *Justin T. Allen*, for appellee.

ROBERT L. BROWN, Justice. Appellant Roger Schubert appeals from the circuit court's order granting summary judgment in favor of appellee Target Stores, Inc. (Target). Schubert argues the following points on appeal: (1) the circuit court erred in concluding that Arkansas' conflicts-of-law rules require application of the substantive law of the state of Louisiana to this case; and (2) the circuit court erred in its application of Louisiana law. We reverse and remand on the first point.

Schubert is a resident of Enid, Oklahoma, and was employed by J.B. Hunt Transport, Inc. (Hunt), as a tractor-trailer driver. Hunt is a business corporation with its principal offices in Lowell, Arkansas. Target is a foreign corporation with its principal place of business outside of Arkansas, but it is authorized to do business in Arkansas. Target owns and operates a distribution center in Maumelle.

On April 1, 1998, Target entered into a transportation contract with Hunt wherein Hunt agreed to transport material for Target. Under the contract, Hunt was required to provide workers' compensation coverage for the benefit of both Target and Hunt in the event of an injury to one of Hunt's employees.

On February 19, 1999, Schubert was dispatched to hook up a sealed trailer that was loaded with bales of cardboard boxes by Target's employees at its distribution center in Maumelle. Schubert then transported the load to an International Paper facility in Mansfield, Louisiana, for recycling. Once there, Schubert opened the trailer doors, and a 1000 pound bale of cardboard fell from the trailer and hit Schubert, thereby injuring him.

Schubert subsequently filed a workers' compensation claim against Hunt in Oklahoma and was awarded $46,476.30 in benefits minus attorney's fees and minus a credit in favor of Hunt. Thereafter, Schubert filed a complaint in Arkansas in Pulaski County Circuit Court against Target and alleged that Target's employees were negligent in loading the bales of cardboard into the trailer and inspecting the same. Schubert sought damages in excess of $50,000. Target next filed a motion for summary judgment and argued that Louisiana law should apply as the place of the accident and that Schubert's receipt of workers' compensation benefits was his exclusive remedy against Target under Louisiana law. According to Target, it was the statutory employer of Schubert under Louisiana's workers' compensation law, and as such, Schubert's claim was barred by Louisiana's exclusive-remedy doctrine.

Target attached an affidavit to its summary-judgment motion from Rodney Schluterman, the facility operations group leader at the Target distribution center in Maumelle, who averred that the distribution center in its course of business receives cardboard boxes from various manufacturers containing products that are then removed and placed in separate packaging. Schluterman further averred that the empty cardboard boxes have to be discarded. Accordingly, Target compacts the boxes into bales bound with wire that are then loaded by forklift into trailers that take the bales to various locations where the cardboard is recycled. Schluterman further asserted that the receiving, compacting, handling, loading, and shipping of cardboard boxes is an integral part of Target's business and is essential to the ability of Target to generate its products and service.

The circuit court held a hearing on the summary-judgment motion and then entered its order. In that order, the circuit court concluded that Louisiana law should apply after "consideration of a mixture of the five choice-influencing factors set forth in *Wallis v. Mrs. Smith's Pie Company*, 261 Ark. 622, 550 S.W.2d 453 (1977)[,] as well as other Arkansas precedent considering the *lex loci delicti* approach." The order further stated:

> 7. Under Louisiana Law, a principal which is a statutory employer of the plaintiff is immune from tort liability. A principal becomes a statutory employer when "there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." *See* La. R. S. 23:1061[(A)](3). Whether a principal is a statutory employer for workers' compensation purposes is a question of law for the court to decide. *See Maddox v. Superior Steel*, 814 So.2d 569, 572 (La. Ct. App. 1st Cir., 2001).

> 8. The Court finds that the contract between Target and J.B. Hunt recognizes Target as plaintiff's statutory employer for purposes of worker's compensation law. Specifically, the contract requires that J.B. Hunt retain worker's compensation insurance with Target as an insured under that policy. Since Target and J.B. Hunt contracted that Target was to be insured by workers' compensation insurance, then the parties intended that Target be protected by the exclusive remedy doctrine. That protection is the essence of being a "statutory employer."

> 9. This statutory employer status can be overcome only if the plaintiff can establish "that the work is not an integral part of or

essential to the ability of the principal to generate that individual principal's goods, products or services." *Id.* at 23:1061[(A)](3).

10. The Court finds that Target's acquiring, storing and shipping of cardboard bales is an integral part or essential to the ability of Target to generate its goods, products or services.

The circuit court found that Target was a statutory employer and that Schubert's claim was barred by the exclusive-remedy doctrine.

Schubert first argues that the circuit court erred in applying Louisiana law to this case, because while stating in its order that it considered the choice-influencing factors set out in *Wallis v. Mrs. Smith's Pie Co., supra*, the circuit court's ruling at the hearing showed that the court only considered the *lex loci delicti* choice-of-law rule to apply Louisiana law. This strict application was error, Schubert contends, because this court held in *Wallis v. Mrs. Smith's Pie Co., supra*, that the five choice-influencing factors are to be used in conjunction with *lex loci delicti*, when deciding whether to apply the forum state's substantive law or another state's substantive law. Schubert next analyzes each of the five choice-of-law factors and concludes that this case had significant contacts with the state of Arkansas and that the better rule of law was found in Arkansas, not Louisiana.

Target responds that the circuit court correctly applied Louisiana substantive law under the doctrine of *lex loci delicti*, because this doctrine controls in tort cases and is not overcome unless application of choice-influencing factors demonstrates a compelling reason to decide a case otherwise. Target concludes that in this case, the choice-influencing factors do not override *lex loci delicti*. Target also examines the five *Wallis* factors and notes that Schubert forum-shopped by filing suit in Arkansas, because Arkansas has a three-year statute of limitations on tort claims, whereas Louisiana only has a one-year statute of limitations and Oklahoma has a two-year statute of limitations. Target urges that *lex loci delicti*, the five *Wallis* factors, and the suggestion of forum shopping militate in favor of an affirmance in this case. We disagree.

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law.

. . . Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet

proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties.

*Dodson v. Taylor*, 346 Ark. 443, 447, 57 S.W.3d 710, 713 (2001) (internal citations omitted).

Three Arkansas cases appear particularly pertinent in deciding which state's substantive law should be applied in this case. *See Gomez v. ITT Educ. Servs., Inc.*, 348 Ark. 69, 71 S.W.3d 542 (2002); *Wallis v. Mrs. Smith's Pie Co., supra; McGinty v. Ballentine*, 241 Ark. 533, 408 S.W.2d 891 (1966). In *McGinty v. Ballentine, supra*, this court followed the *lex loci delicti* choice-of-law rule and held that a victim's family could not file a wrongful-death claim in Arkansas (1) when the accident occurred in Missouri, (2) the victim did not reside in Arkansas, (3) the administratrix of the victim's estate was not appointed by an Arkansas court, and (4) the appellee-defendant only had a place of business in Arkansas. In *McGinty*, this court intimated that while Arkansas' wrongful-death statute of limitations is more favorable to the administratrix, she should not be permitted to forum shop for a state where the law was most favorable to her cause, especially when the case's connection with Arkansas was so minimal.

In *Wallis v. Mrs. Smith's Pie Co., supra*, we observed that the doctrine of *lex loci delicti* had fallen under much criticism and looked to five new factors in our analysis. In that case, Jeff Wallis and his mother, both residents of Arkansas, were returning to Arkansas from a trip to Ohio, when their vehicle was struck by a tractor-trailer truck in Missouri driven by Howard Long, a resident of Pennsylvania. Long was an agent of Mrs. Smith's Pie Co., which is a Pennsylvania company authorized to do business in Arkansas. Wallis and his mother each brought an action against Mrs. Smith's Pie Co. in Arkansas. At trial, the circuit court applied Missouri's law of contributory negligence as the law of the place of the accident, and the jury returned verdicts in favor of the defendant and against both Wallis and his mother.

On appeal, this court considered Dr. Robert A. Leflar's five choice-influencing factors, which include (1) predictability of

results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law.[1] Focusing on the governmental-interest factor, this court found that the circuit court should have applied Arkansas' comparative-fault statutes in lieu of Missouri's contributory-negligence law, irrespective of the fact that the accident occurred in Missouri. The clear implication was that this was the better rule of law.

In *Gomez v. ITT Educ. Servs., Inc., supra,* this court affirmed the circuit court's application of Texas' two-year wrongful-death statute of limitations rather than Arkansas' three-year wrongful-death statute of limitations. In *Gomez,* a woman had been murdered in Texas by a recruiter employed by the appellee-defendant. The victim's family sued for wrongful death in Texas but failed to serve the correct defendant company within the two-year statute of limitations. Thereafter, the victim's family filed a wrongful-death action in Arkansas within Arkansas' three-year statute of limitations. The circuit court granted summary judgment to the defendant company after applying Texas' statute of limitations. On appeal, this court looked to both the five choice-influencing factors set out in *Wallis v. Mrs. Smith's Pie Co., supra,* and the doctrine of *lex loci delicti* and found that Arkansas did not have a significant relationship to the parties or to the injury, because every relevant action took place in Texas and every party was a resident of Texas. We analyzed the case, using the five factors, however, and said:

> In *Schlemmer v. Fireman's Fund Ins. Co.,* 292 Ark. 344, 730 S.W.2d 217 (1987), this court noted that it had adopted the Leflar choice-influencing approach in *Wallis* and had continued to use the approach. However, neither *Schlemmer* nor *Wallis* explicitly overruled *McGinty* and the other earlier cases applying the more mechanical *lex loci delicti* rule. Nor do we find it necessary to overrule *McGinty* and its progeny here. Instead, the adoption of the Leflar factors in *Wallis* and subsequent cases appears to be merely a softening of what previously had been a rigid formulaic application of the former rule of law.

---

[1] The distinguished law professor Dr. Robert A. Leflar, set out the five factors in his treatise, Robert A. Leflar et al., *American Conflicts Law* (4th ed. 1986) (previous editions released in 1959, 1968, and 1977), and in several law review articles. *See, e.g.,* Robert A. Leflar, *Conflict of Laws: Arkansas the Choice Influencing Considerations,* 28 ARK. L. REV. 199 (1974).

> This conclusion is consistent with Leflar's commentary on the issue.

*Gomez*, 348 Ark. at 76, 71 S.W.3d at 546 (internal citation omitted).

In the case at bar, after hearing arguments of counsel regarding summary judgment and after reviewing the briefs submitted, the circuit court granted Target summary judgment. The court reasoned that *lex loci delicti* was the prevalent choice-of-law rule, and it applied Louisiana's workers' compensation law, which barred Schubert's complaint. The ensuing circuit court's order states that the circuit court made its finding in favor of applying Louisiana law after considering *lex loci delicti* and the choice-influencing factors from *Wallis v. Mrs. Smith's Pie Co., supra.*

■ In *McGinty*, *Wallis*, and *Gomez*, this court began its analysis with a consideration of whether the case had any significant contacts with Arkansas. In the case at bar, Schubert is a resident of Oklahoma, and Target is not an Arkansas corporation but owns and operates a distribution center in Arkansas. However, Hunt is an Arkansas corporation, and the transportation of the cardboard bales began in Arkansas. Moreover, the cardboard bales were allegedly loaded in a negligent manner in Arkansas. Even though the accident occurred in Louisiana, we conclude that Arkansas has significant contacts with this case in light of the fact that the potential site of the negligence was where the bales were loaded, which was Arkansas, and Hunt's primary place of business is in this state.

It is clear to this court that we have evolved from a mechanical application of the law of the state where an accident occurred, as witnessed by our opinions in both the *Wallis* and *Gomez* cases. As we said in *Gomez*, this court adopted the choice-influencing factors in *Wallis* to soften the formulaic application of *lex loci delicti*. We turn then to an analysis of the five factors endorsed in both those cases.

The first factor is the predictability of results. The consideration here is the ideal that a decision following litigation on a given set of facts should be the same regardless of where the litigation occurs in order to prevent forum shopping. In the case at bar, Louisiana's workers' compensation law under La. R. S. 23:1061(A) could bar Schubert's recovery under the statutory-employer theory and the exclusive-remedy doctrine. Arkansas' workers' compensation law, on the other hand, provides in Ark.

Code Ann. § 11-9-105(b)(1) (Repl. 2002), that an injured employee who does not receive the necessary benefits may file a workers' compensation claim *or* file a complaint in circuit court. Thus, it appears that resolution of this case depends on which state's law applies.

The second consideration, maintenance of interstate and international order, is not a great concern for purposes of this case. Residents of Louisiana will not likely engage in negligent conduct in Arkansas to avail themselves of our workers' compensation statutes, and residents of Arkansas will not likely engage in negligent conduct in Louisiana to avail themselves of Louisiana's workers' compensation statutes.

The third consideration, simplification of the judicial task, also is not a paramount consideration, because the law at issue does not exist for the convenience of the court that administers it, but for society and its members. In *Gomez,* this court followed Dr. Leflar's reasoning that where the out-of-state law is outcome-determinative and easy to apply, there is no good reason not to consider importing it as the law governing the case. In the case at hand, the Louisiana workers' compensation law is easy to apply and is outcome-determinative, because it appears to bar the case. The Arkansas workers' compensation law is also easy to apply and appears to allow a court suit. This factor does not appear to favor either party.

Looking to the fourth consideration, advancement of the forum's governmental interests, this court examines the Arkansas contacts to decide this state's interest. Here, Arkansas' contacts to the accident are at the site in Maumelle where the negligence allegedly occurred and the fact that Hunt's principal place of business is Arkansas. Louisiana's sole contact is the place where the accident occurred. Arkansas has a significant governmental interest in this case, because Arkansas has a real interest in protecting its people from negligent behavior and in protecting Arkansas employees.

Under the fifth consideration, application of the better rule of law, we hold that the circuit court erred in applying Louisiana law, because that law prevents a suit in tort for negligence against a non-employer like Target. Louisiana law, according to the circuit court, would transform Target into a statutory employer and hold Target immune from tort liability. As a result, Schubert is foreclosed from his day in court. This is akin to the situation in

*Wallis v. Mrs. Smith's Pie Co., supra*, where we viewed the Arkansas comparative-fault law as superior to the Missouri contributory-negligence law, which would have denied the plaintiff-victim any damages.

We conclude that Arkansas has significant contacts with this case and that any assertion of forum shopping is unfounded. Moreover, Target's citation to a 1960 federal district court case, *McAvoy v. Texas E. Transmission Corp.*, 187 F. Supp. 46 (W.D. Ark. 1960), is not determinative. *McAvoy* was decided before this court's opinions in *Wallis v. Mrs. Smith's Pie Co., supra*, and *Gomez v. ITT Educ. Servs., Inc., supra*. The fact that our court of appeals cited *McAvoy* in a 1986 decision, *Orintas v. Meadows*, 17 Ark. App. 214, 706 S.W.2d 199 (1986), is clearly not binding on this court. We note, in addition, that the principles of *lex loci delicti* and the five choice-of-law factors were reiterated by this court as recently as 2002 in the *Gomez* case. In light of this history, the *McAvoy* decision is simply not controlling authority for this case.

In short, we hold that, based on the significant contacts Arkansas has with this case and its better rule of law, the substantive law of Arkansas applies. We reverse the summary judgment in favor of Target on the choice-of-law point and remand for further proceedings. Because we reverse on the first point, there is no need for this court to address Schubert's second point related to Louisiana's substantive law.

Reversed and remanded.