Rickey GANEY and Katherine Wilson Ganey *v.* KAWASAKI MOTORS CORPORATION, U.S.A.; Kawasaki Jukogyo Kabushini Kaisha (Kobe JP); Mike's Cycle, Inc.; Lakeside Ford, Inc.; Hilton M. Boothe, Individually; Hilton M. Boothe d/b/a Hilton M. Boothe, Hilton's Consulting Service, and Hilton's Consulting Services, Inc.

05-1117                                                     234 S.W.3d 838

Supreme Court of Arkansas

Opinion delivered May 4, 2006

[Rehearing denied June 22, 2006.*]

---

* DICKEY, J., not participating.

*Sturgeon & Boyd,* by: *John Sturgeon,* and *David A. Hodges, Attorney at Law,* for appellants.

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *Tilden P. Wright III* and *John G. Trice,* for appellees Kawasaki Motors Corp., U.S.A. and Kawasaki Jukogyo Kabushini Kaisha (Kobe JP).

*Wright, Lindsey & Jennings LLP,* by: *Alston Jennings, Jr.,* for appellee Mike's Cycle, Inc.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Michael E. Hale* and *D. Keith Fortner,* for appellee Lakeside Ford, Inc.

DONALD L. CORBIN, Justice. Appellants Rickey Ganey and Katherine Wilson Ganey appeal the order of the Polk

County Circuit Court dismissing their complaint against Appellees Kawasaki Motors Corp., U.S.A., and Kawasaki Jukogyo Kabushini Kaisha (KOBE JP),[1] Mike's Cycle, Inc., Lakeside Ford, Inc., and Hilton M. Boothe, Individually, and Hilton M. Boothe d/b/a/ Hilton M. Boothe, Hilton's Consulting Service, and Hilton's Consulting Service, Inc.[2] On appeal, the Ganeys argue that it was error for the trial court to dismiss their complaint because: (1) the court had jurisdiction over Appellees; (2) the three-year statute of limitations under Arkansas law applied in this case; (3) the constitutional right to travel provides them with access to Arkansas courts. The Ganeys also argue that Katherine is entitled to damages for loss of consortium because she was engaged to Rickey at the time of the accident and later married him. As this case presents an issue of first impression, this court's jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We find no error and affirm.

The record reveals that Rickey suffered injuries while riding a four-wheeled Kawasaki All-Terrain Vehicle (ATV) on July 28, 2000, in a national park near Mena, Arkansas, when the ATV overturned and landed on him. As a result of his injuries, Rickey was rendered a paraplegic. On July 24, 2003, the Ganeys filed an amended complaint against Appellees in Polk County Circuit Court, alleging causes of action for negligence, breach of express and implied warranties, strict products liability, and civil conspiracy.[3] According to the complaint, Boothe acquired the ATV new from Mike's Cycle. Boothe subsequently transferred the ATV to Lakeside. Rickey then purchased the used ATV from Lakeside.

Following the filing of the complaint, Lakeside filed an answer denying the Ganeys' allegations. In addition, Lakeside pleaded affirmatively that the trial court lacked jurisdiction over it and requested that the complaint be dismissed pursuant to Ark. R. Civ. P. 12(b)(2). Mike's Cycle answered separately denying any wrongdoing and averring that any cause of action was barred by the statute of limitations of Arkansas and Louisiana. In its answer, KMC denied the Ganeys' allegations and, pleading affirmatively,

---

[1] The Kawasaki Appellees filed a joint brief and hereinafter will be referred to as "KMC."

[2] Boothe did not file a brief in the instant matter. When the opinion refers to Boothe, the reference is to Boothe both individually and as a corporate entity.

[3] The only difference in the original complaint, filed on July 21, 2003, and the amended complaint was the addition of Boothe as a defendant.

requested that the complaint be dismissed, pursuant to Ark. R. Civ. P. 12(b)(6), for failure to state a cause of action.[4] KMC also averred that the Ganeys' complaint was barred by the statute of limitations and that it should also be dismissed under the doctrine of forum non conveniens.

Boothe filed a motion to dismiss pursuant to Rule 12 on October 30, 2003, stating that the Ganeys failed to properly issue and serve summons and that the court lacked personal and subject-matter jurisdiction. KMC filed a motion to dismiss on January 30, 2004, arguing that the Ganeys' action of filing suit in Arkansas constituted impermissible forum shopping and that Louisiana law, specifically La. Civ. Code Ann. art. 3492 (1994), which provides for a one-year statute of limitations, should apply, thus, rendering the complaint time barred. Lakeside filed its motion to dismiss on the basis of a lack of personal jurisdiction on February 31, 2004, averring that it never advertised or conducted business in Arkansas. Mike's Cycle filed a motion to dismiss, arguing that the court lacked personal jurisdiction and stating that the action was barred by Louisiana's one-year statute of limitations.

A hearing was held on the pending motions on August 4, 2004. Thereafter, the trial court granted the motions to dismiss filed by Boothe and Lakeside. A second hearing was held on April 6, 2005. At the conclusion of that hearing, the trial court announced from the bench that it was granting KMC's motion to dismiss on the basis that Louisiana law, and specifically, its one-year statute of limitations, applied thereby barring the Ganeys' complaint. The trial court further announced that it was granting Mike's Cycle's motion to dismiss because of a lack of personal jurisdiction.

The Ganeys filed a motion for reconsideration as to the trial court's oral ruling that Louisiana rather than Arkansas law applied. The trial court entered an order denying the motion for reconsideration on May 20, 2005. A written order memorializing the trial court's previous oral ruling was subsequently entered on July 12, 2005. In that order, the trial court reiterated that it was denying the Ganeys' motion for reconsideration. This appeal followed.

### I. Error to Grant Motion to Dismiss

For their first point on appeal, the Ganeys argue that it was error for the trial court to dismiss their complaint against Appellees

---

[4] KMC did not challenge personal or subject-matter jurisdiction.

as the court had personal jurisdiction over each Appellee, and the applicable statute of limitations is three years under Arkansas's law. Mike's Cycle and Lakeside each argue that the trial court lacked personal jurisdiction, as they had not established the requisite minimum contacts with Arkansas required for personal jurisdiction. KMC argues that dismissal was warranted because Louisiana law, and its one-year statute of limitations, applies in this case. We will review the facts and circumstances surrounding each Appellee separately in order to determine whether the trial court's order of dismissal was appropriate.

### a. Personal Jurisdiction

The Ganeys first argue that the trial court erred in dismissing Boothe, as their complaint alleged sufficient facts to maintain personal jurisdiction over Boothe. It is unnecessary for this court to address the merits of this argument as the Ganeys failed to properly raise it before this court. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Rigsby v. Rigsby*, 356 Ark. 311, 149 S.W.3d 318 (2004); *City of Benton v. Arkansas Soil & Water Conserv. Comm'n*, 345 Ark. 249, 45 S.W.3d 805 (2001). Because the Ganeys fail to support their contention regarding the court's jurisdiction over Boothe with either argument or authority, we are precluded from addressing it.

Next, we turn to the Ganeys' claims that the trial court had jurisdiction over Mike's Cycle and Lakeside. With regard to both of these parties, the Ganeys argue that the trial court had personal jurisdiction because residents of Arkansas could access Mike's Cycle and Lakeside, and their inventories, through the Internet. Moreover, the Ganeys argue that both Mike's Cycle and Lakeside have sold products to Arkansas residents, and as such, have established sufficient minimum contacts establishing personal jurisdiction. Mike's Cycle counters that the trial court correctly dismissed the action against them, as the court did not have personal jurisdiction over it because the company never conducted any business in Arkansas. Lakeside argues that it was subject to neither personal nor general jurisdiction based on the allegations in the Ganeys' complaint and, thus, it was proper for the trial court to dismiss the Ganeys' action.

We begin our analysis by determining the appropriate standard of review. The Ganeys urge this court to treat the motion to dismiss as a motion for summary judgment, as matters outside

the pleadings were considered by the trial court. Lakeside, however, raises an argument that where the court's order of dismissal hinged on a finding of lack of personal jurisdiction, it is appropriate for this court to simply review whether the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. While Lakeside raises an interesting point in this regard, we cannot ignore the fact that the trial court, in reaching the conclusion that it lacked personal jurisdiction over Mike's Cycle and Lakeside, specifically relied on matters raised in affidavits and depositions. Accordingly, we will treat the instant motion to dismiss as one for summary judgment. *See Kyzar v. City of West Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005) (holding that a motion to dismiss will be treated as one for summary judgment when a trial court considers matters outside the pleadings).

Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Kyzar*, 360 Ark. 454, 201 S.W.3d 923; *Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Remaining mindful of this standard, we now review whether the trial court properly dismissed the Ganeys' complaint.

As previously recognized by this court, *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), is the seminal case on personal jurisdiction and the Due Process Clause. There, the United States Supreme Court expanded the limits of state jurisdiction over nonresident defendants, while leaving in place basic notions of due-process limitations on that power. The Court in *International Shoe* looked to the nature of the contacts that the nonresident defendant had with the forum state, explaining that attention must be paid to the "quality and nature" of those contacts, and also to whether or not that defendant through those contacts enjoyed the "benefits and protection" of the laws of the foreign state. *Id.* at 319. The Court further noted that there are situations in which a

nonresident-defendant's contacts with a forum state may be so substantial and continuous as to justify jurisdiction over that defendant, even though the cause of action is "entirely distinct from those activities." *Id.* at 318. The touchstone principle announced by the Court in *International Shoe* was whether assumption of personal jurisdiction over the nonresident defendant was based on "minimum contacts" by the nonresident defendant in the forum state which does not offend "traditional notions of fair play and substantial justice." *Id.* at 316.

Under prior law, a court of this state could exercise personal jurisdiction over a nonresident defendant through the long-arm statute when there was a cause of action arising from the persons transacting any business in this state, contracting for services or things in this state, causing tortious injury in this state, owning real property in the state, as well as other grounds. *See* Ark. Code Ann. § 16-4-101(C) (repealed 1995). Pursuant to Act 486 of 1995, the Arkansas General Assembly amended the long-arm statute and limited it to the constraints imposed by the Due Process Clause of the Fourteenth Amendment. Arkansas's long-arm statute now reads:

> PERSONAL JURISDICTION. The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution.

Ark. Code Ann. § 16-4-101(B) (Repl. 1999).

This court discussed the expanded doctrine of personal jurisdiction in *Davis v. St. Johns Health System, Inc.*, 348 Ark. 17, 71 S.W.3d 55 (2002), and explained:

> Since *International Shoe*, the Court has had occasion to revisit the personal jurisdiction question. A few of those cases are relevant to our inquiry and have set out further principles governing state court jurisdiction. A nonresident defendant's contacts with a forum state, for example, must be sufficient to cause the defendant to "reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Court has also identified two types of personal jurisdiction: general and specific. When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of

specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). However, if the exercise of jurisdiction arises in a case not stemming from the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. *Burger King Corp. v. Rudzewicz, supra*; *Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952); *International Shoe Co. v. Washington, supra*. When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous, systematic, and substantial. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

*Id.* at 23-24, 71 S.W.3d at 58-59.

The court in *Davis* ultimately concluded that there were sufficient contacts warranting a finding of jurisdiction where the defendant company conducted a substantial amount of business in Arkansas through a wholly owned subsidiary. In reaching this conclusion, the *Davis* court utilized a five-factor test, previously adopted by the Eighth Circuit Court of Appeals in *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100 (8th Cir. 1996). *See also John Norrell Arms, Inc. v. Higgins*, 332 Ark. 24, 962 S.W.2d 801 (1998). The five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

Utilizing the afore-mentioned factors, and even in light of our expanded personal jurisdiction, we are unable to accept the Ganeys' argument that the trial court had personal jurisdiction over either Mike's Cycle or Lakeside. We first look at the evidence as it pertains to Mike's Cycle. According to the Ganeys, there are sufficient minimum contacts between Mike's Cycle and this state, as Mike's Cycle engages in the sale and marketing of ATVs and motorcycles in a three-state area, including Arkansas. Relying on a deposition of Jackie Taunton, owner of Mike's Cycle, the Ganeys aver that the inventory of Mike's Cycle is available nationwide through Kawasaki's website. Additionally, the Ganeys argue that Mike's Cycle is aware that the ATVs are used in Arkansas.

The record reveals, however, that Taunton submitted an affidavit stating that Mike's Cycle has never conducted business in Arkansas or advertised here. Furthermore, according to Taunton's affidavit, Mike's Cycle has no office, place of business, or agent for

service of process in Arkansas. Finally, in reviewing the deposition testimony of Taunton, it is clear that Taunton testified that Kawasaki maintains a website for dealers only that lists the unsold inventory of each of its dealers. This inventory is not accessible for sale to the public over the Internet.

Also unpersuasive is the Ganeys' claim that Mike's Cycle sells its products to Arkansas residents. The only proof introduced in support of this assertion was evidence regarding one woman, who now resides in Ozark, Arkansas, and who had purchased an ATV from Mike's Cycle and transported it back to Arkansas. This one transaction is insufficient to confer jurisdiction in the instant case, however. As we have held, a single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant if there is a substantial connection between the contract and the forum state. *Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 808 S.W.2d 314 (1991); *see also Rudzewicz*, 471 U.S. 462. Here, however, the contract between the one Arkansas resident and Mike's Cycle plays no role in the instant litigation, as Rickey's injuries are not related to that sale. The Ganeys were residents of Louisiana at the time that they purchased the ATV. The fact that they chose to transport the ATV to Arkansas is insufficient to establish that Mike's Cycle had any contacts with Arkansas that could be classified as continuous, systematic, or substantial.

In sum, the nature and quality of the contacts between Mike's Cycle and Arkansas were limited to one transaction, wholly unrelated to the instant litigation. As such, any interest of this state in providing a forum for this matter is likewise limited and inconvenient, where all parties are residents of Louisiana. Accordingly, the trial court correctly determined that it lacked personal jurisdiction over Mike's Cycle and properly dismissed the complaint against it.

With regard to Lakeside, the Ganeys argue that Lakeside's inventory is available for sale nationwide. In support of this notion, the Ganeys point to an instance where an ATV from Lakeside's inventory was transferred to a dealership in Monticello, Arkansas. Further, the Ganeys aver that Lakeside does warranty work nationwide. Lakeside counters that the Ganeys' complaint contained no factual allegation that it performed any act in Arkansas. Moreover, Lakeside submitted the affidavit of William Pugh, its General Manager, who averred that it had never transacted any business in Arkansas, had never had any offices or place of business in

Arkansas, or had any agent for service of process in Arkansas. Pugh further explained that Polaris maintains a website that includes only its dealer contact information.

In arguing that it had no contacts with Arkansas that would support a finding of personal jurisdiction, Lakeside relies on this court's decision in *Marchant v. Peeples*, 274 Ark. 233, 623 S.W.2d 523 (1981). There, an Arkansas resident attempted to sue a Texas attorney in Pulaski County Circuit Court after she hired the attorney to answer a divorce complaint filed against her in Texas. In determining that the circuit court lacked personal jurisdiction over the attorney, this court relied on several factors, most notably, that the attorney had not solicited any business in this state nor provided any services in this state. *Marchant* is instructive in the instant case, where there was no evidence that Lakeside solicited business here or performed other services in this state.

In sum, we agree with Lakeside that the trial court properly determined that it lacked personal jurisdiction in the instant matter. The only relevant contact with Arkansas is that the accident occurred here, as a result of Rickey bringing the ATV that he had purchased in Louisiana to Arkansas. As the United States Supreme Court recognized in *Helicopteros*, 466 U.S. at 417, "such unilateral activity of another person or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."

Before leaving this point, we must note that the Ganeys attempt to support their assertion of jurisdiction by comparing this case to a situation where a consumer may purchase a company's wares with the simple click of a mouse is wholly unavailing. Specifically, their reliance on cases such as *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003), is misplaced. In that case, the Ninth Circuit Court of Appeals determined that California had general jurisdiction over L.L. Bean because it had extensive contacts with California vendors. In so ruling, the court noted that L.L. Bean's website operated as a virtual store in that state. The fact that contact information could be obtained on the Internet for Mike's Cycle and Lakeside is not the equivalent of operating a "virtual store." Having determined that there was no evidence of sufficient contacts, it is unnecessary for this court to address the issue of fair play and substantial justice.

## II. Choice of Law

The Ganeys argue next that the trial court erred in dismissing their complaint because Arkansas law, specifically the three-year statute of limitations, applies in this case, not the one-year statute of limitations provided for under Louisiana law. In support of their argument, the Ganeys aver that the forum law governs a procedural issue such as the statute of limitations. Moreover, they argue that the rule of *lex loci delecti* demands that Arkansas law apply. Finally, the Ganeys assert that the five "choice-influencing considerations" considered by this court favor the application of Arkansas law. To the contrary, KMC argues that the trial court properly determined that Louisiana's one-year statute of limitations applied in this case and, as a result, the Ganeys failed to timely file their complaint.

We first address the Ganeys' contention that the law of the forum applies to any procedural issue and note that we rejected an identical argument in *Gomez v. ITT Educational Services, Inc.*, 348 Ark. 69, 75, 71 S.W.3d 542, 545 (2002), where we stated that:

> [S]tatutes of limitations are indeed generally considered to be procedural in nature. *See, e.g., Bodiford v. Bess*, 330 Ark. 713, 956 S.W.2d 861 (1997). However, this court has also held that statutes of limitations are to be distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. *Boatman v. Dawkins*, 294 Ark. 421, 743 S.W.2d 800 (1988). Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever. *Id.* at 424, 743 S.W.2d 800 (citing 51 Am. Jur. 2d *Limitation of Actions* 15). Thus, time limitations which are set out in a statute creating a right — such as the statute of limitations contained within the wrongful-death act — are substantive, not procedural in nature.

Accordingly, there is no merit to the Ganeys' claim that Arkansas law automatically applies to an issue involving the applicable statute of limitations.

Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law. In *Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622, 550 S.W.2d 453 (1977), this court looked beyond that doctrine and adopted a test whereby the court reviewed the five choice-influencing factors promulgated by Dr. Robert A. Leflar. Those factors are: (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *Id.*

Over time, there has been confusion as to which doctrine correctly reflected the state of our law on this issue. This court, however, recently addressed the issue of the proper choice-of-law analysis in Arkansas in *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 201 S.W.3d 917 (2005). There, this court first considered whether the case had any significant contacts with Arkansas, and ultimately concluded that it did, and as a result, the substantive law of Arkansas was applicable. In reaching this conclusion, the court analyzed its approach in three prior cases, *Gomez*, 348 Ark. 69, 71 S.W.3d 542; *Wallis*, 261 Ark. 622, 550 S.W.2d 453; *McGinty v. Ballentine Produce, Inc.*, 241 Ark. 533, 408 S.W.2d 891 (1966), and explained that the choice-of-law analysis had evolved from a simple application of the doctrine of *lex loci delecti* into a consideration of both that doctrine and Leflar's five choice-influencing factors. The court stated:

> It is clear to this court that we have evolved from a mechanical application of the law of the state where an accident occurred, as witnessed by our opinions in both the *Wallis* and *Gomez* cases. As we said in *Gomez*, this court adopted the choice-influencing factors in *Wallis* to soften the formulaic application of *lex loci delicti*.

*Schubert*, 360 Ark. at 410, 201 S.W.3d at 922.

Although *Schubert* is factually distinguishable from the case at bar, it still offers guidance to the approach to be utilized here in determining the proper choice of law. In this case, the trial court properly considered both the doctrine of *lex loci delecti* and the five "choice-influencing considerations" promulgated by Professor Leflar and determined that Louisiana had a more significant relationship to the parties and subject litigation and that Leflar's five factors also favored application of Louisiana law.

We agree with the trial court that Louisiana has a more significant relationship to the parties because the ATV was sold and acquired in Louisiana, the injured party resides in Louisiana, and

the allegations supporting the Ganeys' causes of action, i.e., negligence, breach of warranties, products liability, and civil conspiracy, involve actions that occurred outside this state. In fact, the only relationship to Arkansas is that it is the location of the accident. It is simply not enough that the accident occurred in Arkansas.

Turning now to Leflar's five factors, it is clear that they also support a finding that Louisiana law should be applied in the instant case. The first factor, predictability of results, does not favor either Arkansas or Louisiana law, as the remedy afforded under either state's products-liability law is similar. The second factor, maintenance of interstate order, favors the application of Louisiana law because Louisiana has a more significant relationship to the parties. Next, application of Louisiana's one-year statute of limitations, is outcome determinative and, therefore, favors application of Louisiana law. Fourth, advancement of the forum's governmental interests, favors Louisiana law because that state has an interest in protecting its citizens from defective products introduced into the stream of commerce in that state. And, finally, the application of the better rule of law, does not militate in favor of either state's law as Arkansas and Louisiana have similar products-liability laws.

Thus, reviewing the five choice factors as a whole, we cannot say that the trial court erred in determining that Louisiana law should be applied. Louisiana's right to protect its citizens through application of its products-liability laws is a significant factor that outweighs any interest Arkansas might have in this case. We are simply unpersuaded by the Ganeys' argument that Arkansas has a significant interest in protecting its visitors.

### III. Right to Travel

For their next point on appeal, the Ganeys argue that their constitutional right to travel, as guaranteed by the Fourteenth Amendment to the United States Constitution, allows them to bring their complaint against Appellees in an Arkansas court because the accident that resulted in Mr. Ganey's injuries occurred in Arkansas. We are precluded from considering the merits of this argument, however, as it was not properly raised before the trial court.

The record reveals that the Ganeys first raised the issue of the constitutional right to travel in their motion for reconsideration filed on April 26, 2005.[5] Therein, the Ganeys argued:

> Counsel became aware of the U.S. Supreme Court case of *Saenz v. Roe*, 119 S. Ct. 1518 (1999). *United States v. Guest*, 383 U.S. 745, 757 (1966), only after the hearing on April 6, 2005. The case sets forth clearly Arkansas'[s] U.S. Constitutional obligation to treat Rickey Ganey as a guest and like it treats its own citizens.

Simply citing to two Supreme Court cases and making the blanket statement that Arkansas has a duty to treat the Ganeys as it would citizens of this state does not sufficiently apprise the trial court of the argument that the Ganeys have a constitutionally protected right to travel that somehow confers jurisdiction of the instant matter with the circuit court of Polk County.

## IV. Damages for Loss of Consortium

The Ganeys argue as their final point on appeal that if this court reverses the trial court's order of dismissal, the issue of whether Katherine, who was not married to Rickey at the time of the accident, is entitled to damages for loss of consortium will arise. Consequently, the Ganeys ask this court to render a decision that Katherine is entitled to such damages. Because we affirm the trial court's dismissal of the Ganeys' complaint, it is unnecessary to address the merits of this argument.

Affirmed.

DICKEY, J., not participating.

---

[5] This motion was filed after the trial court ruled orally from the bench that he was granting the motions to dismiss but before the written order memorializing that ruling was entered.