# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1705

_____

Cynthia Bourgeois,

           Plaintiff/Appellant,

    v.

Douglas Vanderbilt; Southern
Farm Bureau Casualty Insurance
Company; State Farm Mutual
Automobile Insurance Company;
National Interstate Insurance Company,

           Defendants,

Harrah's Bossier City Investment
Company, LLC, also known as
Harrah's Louisiana Downs Casino
& Racetrack, also known as Louisiana
Downs, Inc.

           Defendant/Appellee.

\* Appeals from the United States
\* District Court for the
\* Western District of Arkansas.

\* [UNPUBLISHED]

_____

No. 10-1706

_____

Cynthia Bourgeois,

           Plaintiff,

    v.

Douglas Vanderbilt; Southern Farm

Bureau Casualty Insurance Company;　　*
State Farm Mutual Automobile　　　　 *
Insurance Company; National Interstate　*
Insurance Company,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Defendants,　　　　　　 *
　　　　　　　　　　　　　　　　*
Harrah's Bossier City Investment　　　*
Company, LLC, also known as Harrah's　*
Louisiana Downs Casino & Racetrack,　*
also known as Louisiana Downs, Inc.　 *
　　　　　　　　　　　　　　　　*
　　　　　Defendant/Appellee,　　　*
　　　　　　　　　　　　　　　　*
National Interstate Insurance Company,　*
　　　　　　　　　　　　　　　　*
　　　　　Intervenor/Appellant.　　*

_____

Submitted: December 15, 2010
Filed: May 17, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2005, a truck driven by Douglas Vanderbilt (a Texas resident) struck a tour bus operated by Cynthia Bourgeois (a Louisiana resident) on a highway in Arkansas. Vanderbilt was intoxicated, driving home from a trip to Harrah's casino located in Shreveport, Louisiana. By way of this action, Cynthia Bourgeois seeks redress for the injuries she incurred as a result of the accident. The district court,[1] sitting in diversity

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

-2-

and applying Louisiana substantive law, granted summary judgment in favor of Harrah's.  Bourgeois appeals.[2]

A district court sitting in diversity generally applies the choice-of-law rules of the forum state.  Global Petromarine v. G.T. Sales & Mfg., Inc., 577 F.3d 839, 844 (8th Cir. 2009).  Here, the district court looked to Arkansas choice-of-law principles to determine which state's substantive law applied.  Arkansas courts have moved away from a mechanical application of the *lex loci delicti* doctrine[3] and have adopted five choice-influencing factors promulgated by Dr. Robert A. Leflar ("Leflar Factors") to soften the application of the rigid *lex loci delicti* rule.  Schubert v. Target Stores, Inc., 201 S.W.3d 917, 920-22 (Ark. 2005).  Thus, while keeping the *lex loci delicti* doctrine in mind, the district court analyzed the following five factors: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.  Schubert, 201 S.W.3d at 921.  "We review a district court's choice-of-law determination de novo."  Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 585 (8th Cir. 2007).

In this case, which state's law the court applies is likely outcome determinative because only under Arkansas law does Bourgeois retain the possibility of recovery. The Louisiana legislature adopted an anti-dram shop liability act that provides immunity to vendors and servers of alcohol, thus placing responsibility for consequences of intoxication on the intoxicated person.  La. Rev. Stat. Ann. § 9:2800.1(B). Arkansas, however, allows recovery of damages if a plaintiff proves that

---

[2]National Interstate Insurance Company, the workers' compensation carrier for Dixie Land Tours and an intervenor in these consolidated proceedings, is also a named appellant and, upon motion, joined in Bourgeois' briefing.

[3]"Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law."  Ganey v. Kawasaki Motors Corp., 234 S.W.3d 838, 846 (Ark. 2006).

a vendor "knowingly sold alcoholic beverages to a person who was clearly intoxicated." Ark. Code Ann. §§ 3-3-209, 16-126-104. On appeal Bourgeois asserts that the five Leflar Factors favor the application of Arkansas law, not Louisiana law. Should we affirm the district court's application of Louisiana law, Bourgeois additionally argues that there is an unresolved question in Louisiana law regarding the existence, or not, of an exception to the anti-dram shop liability statute that should be addressed by the Louisiana State Supreme Court in the first instance. Bourgeois also requested certification of certain questions to the Arkansas State Supreme Court specifically regarding whether Arkansas dram shop law can be applied to a Louisiana casino and whether Arkansas would apply only the law of negligence to this case because Harrah's served, rather than sold, free liquor to Vanderbilt.

The district court did not err in applying Louisiana law to the issues at hand. See Ganey, 234 S.W.3d at 846-47 (applying the Leflar Factors under similar circumstances and determining that Louisiana law applied). The court aptly applied the Arkansas choice-of-law principles and thoroughly analyzed each of the five Leflar Factors in light of the facts of this case, as required. After careful review of the district court's well-reasoned opinion, including its discussion of negligent entrustment, we deny Bourgeois' motion requesting certification to the Arkansas and Louisiana State Supreme Courts, and affirm. See 8th Cir. R. 47B.

_____

-4-