

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–994

| | |
|---|---|
| BRYCE REVELEY<br><div align="right">APPELLANT</div><br>V.<br><br><br>CINDY LIVAUDAIS ROTH<br><div align="right">APPELLEE</div> | **Opinion Delivered** May 4, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION<br>[NO. 60CV–15–265]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The Pulaski County Circuit Court dismissed a complaint filed by appellant Bryce Reveley against appellee Cindy Roth, finding that the Arkansas court lacked personal jurisdiction over Roth. On appeal, Reveley argues that the circuit court erred in two respects: (1) in considering matters outside of the complaint in deciding Roth's motion to dismiss, and (2) in concluding that the court lacked personal jurisdiction. We find no error and affirm.

A review of the procedural history of this case is necessary to our determination. Reveley filed a complaint against Roth alleging counts of negligence and malpractice, breach of contract, and breach of fiduciary duty. According to the complaint, Reveley and Roth are both residents of Louisiana. Reveley receives royalty income from real property owned in Arkansas; that income is subject to taxation in Arkansas. Roth is a CPA who has prepared

Reveley's income tax returns. For the years 2008, 2009, 2010, 2011, and 2012, Reveley contracted with Roth for accounting services, which included preparing Reveley's federal and state income taxes. Roth failed to file tax returns for Reveley's Arkansas income, instead erroneously filing the Arkansas income taxes as Louisiana income taxes for the years 2008 through 2011.

In 2013, the Arkansas Department of Finance and Administration (DF&A) contacted Reveley and informed her that she owed unpaid taxes on her Arkansas royalty income for the years 2008 through 2011. Reveley then contacted Roth and asked Roth to file her Arkansas income tax returns for those years, as well as amended Louisiana returns in order to recoup the taxes that had been erroneously paid to Louisiana. Roth never filed the amended Louisiana returns, but she did file a correct 2012 Arkansas income tax return. DF&A subsequently sent Reveley notice that she owed unpaid taxes, penalties, and interest on the unpaid Arkansas royalty income.

In response to Reveley's complaint, Roth filed a motion to dismiss for lack of personal jurisdiction pursuant to Arkansas Rule of Civil Procedure 12(b)(2). Attached to Roth's motion was her affidavit in which she averred that she was a resident of New Orleans, Louisiana; she was not and had never been licensed to practice as a CPA in Arkansas; she did not own and had never owned property in Arkansas; she had never had an office location in Arkansas; she had no employees working in Arkansas; she had never engaged in advertising activities in Arkansas; and she had never traveled to Arkansas or personally conducted any business activities in Arkansas in connection with any of the facts alleged in

Reveley's complaint. Roth further added that any documents that she had prepared for Reveley had been prepared in Louisiana; any CPA services she had rendered to Reveley had been rendered in Louisiana; any communications she had with Reveley, either in person or over the phone, had taken place in Louisiana; any payments made to her for her CPA services had been paid and received in Louisiana; the 2012 federal and Louisiana tax returns were electronically filed from Louisiana; and the 2012 Arkansas return was a paper document that was prepared in Louisiana and then physically handed to Reveley for her to file.

Following a hearing, the circuit court entered an order granting Roth's motion to dismiss. In short, the circuit court found that Roth's contacts with Arkansas were insufficient to establish personal jurisdiction over Roth. Reveley now appeals.

In her first point on appeal, Reveley argues that the circuit court erred in considering matters outside the complaint in assessing Roth's motion to dismiss for lack of personal jurisdiction. The issue raised on appeal is intertwined with our standard of review; therefore, we discuss them together at this point.

Reveley argues that in considering a motion to dismiss for lack of personal jurisdiction, the courts should look to the complaint for the relevant facts alleging jurisdiction, which are taken as true. *Davis v. St. Johns Health Servs.*, 348 Ark. 17, 71 S.W.3d 55 (2002). In *Davis*, the supreme court stated that "[i]f the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient." 348 Ark. at 22, 71 S.W.3d at 57 (citing *Howard v. Cty. Court of Craighead Cty.*, 278 Ark. 117, 644 S.W.2d 256 (1983)). Reveley argues that *Davis* requires, under the

3

appropriate standard of review, that the court look only to the complaint for the relevant facts establishing jurisdiction. We disagree.

In *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 234 S.W.3d 838 (2006), the supreme court reexamined the standard of review. In *Ganey*, as in the instant case, the defendants successfully moved to dismiss on the basis of lack of personal jurisdiction. The supreme court affirmed the dismissal, and in doing so, it explained as follows:

> We begin our analysis by determining the appropriate standard of review. The Ganeys urge this court to treat the motion to dismiss as a motion for summary judgment, as matters outside the pleadings were considered by the trial court. Lakeside, however, raises an argument that where the court's order of dismissal hinged on a finding of lack of personal jurisdiction, it is appropriate for this court to simply review whether the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. While Lakeside raises an interesting point in this regard, we cannot ignore the fact that the trial court, in reaching the conclusion that it lacked personal jurisdiction over Mike's Cycle and Lakeside, specifically relied on matters raised in affidavits and depositions. Accordingly, we will treat the instant motion to dismiss as one for summary judgment. *See Kyzar v. City of West Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005) (holding that a motion to dismiss will be treated as one for summary judgment when a trial court considers matters outside the pleadings).

*Ganey*, 366 Ark. at 244–45, 234 S.W.3d at 842.

Similarly, in *Hotfoot Logistics, LLC v. Shipping Point Marketing, Inc.*, 2013 Ark. 130, 426 S.W.3d 448, our supreme court held that, although the parties appealed from an order granting a motion to dismiss, the circuit court considered affidavits and exhibits attached to the motion; accordingly, the motion was treated as one for summary judgment. In a concurring opinion on denial of a petition for rehearing in *Hotfoot*, Justice Corbin clarified that the *Ganey* court had established the standard of review for cases in which matters outside the pleadings are considered in motions to dismiss for lack of personal jurisdiction. "Once

4

this court has interpreted its rules, that interpretation subsequently becomes a part of the rule itself." *Hotfoot Logistics, LLC v. Shipping Point Marketing, Inc.*, 2013 Ark. 266, at 2 (Corbin, J., concurring on denial of reh'g) (citing *Arkco Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004)). *See also Pritchett v. Evans*, 2013 Ark. App. 679, 430 S.W.3d 223 (treating motion to dismiss for lack of personal jurisdiction as one for summary judgment where affidavits were attached to the motion); *Morris v. Christopher*, 2013 Ark. App. 312 (same). We are therefore unable to agree with Reveley that the circuit court erred in considering matters outside the pleadings in reaching its conclusions regarding personal jurisdiction.

Reveley also argues, however, that the court's reliance on Roth's affidavit "violate[s] [Reveley's] absolute right to cross-examine a witness attempting to testify against her." Before the circuit court, Reveley argued that the affidavit was "nothing more than an attempt to introduce self-serving testimony without being subject to cross-examination or before [Reveley] is given the opportunity to conduct any discovery in this matter." She cites *Arkansas State Game & Fish Commission v. Kizer*, 221 Ark. 347, 351, 253 S.W.2d 215, 218 (1952), in support of her argument that "the right of cross-examination is absolute" and that "a party has the right to cross examine witnesses against him whether the evidence is given *ore tenus* or by deposition." That case, however, is inapposite. It involved the introduction of an unsworn document by a nonparty to the case after the trial of the matter had concluded. The chancery court denied the parties the opportunity to cross-examine the authors of the document, and the supreme court reversed, holding that the refusal to allow cross-examination was error.

This case is entirely different. As discussed above, the circuit court treated Roth's motion to dismiss as a motion for summary judgment. Affidavits, depositions, and other matters are routinely considered in deciding the merits of summary-judgment motions. Reveley cites no apposite authority holding that it was inappropriate for the circuit court to have done so in this case. Accordingly, we affirm on this point.

In her second point on appeal, Reveley contends that the circuit court erred in finding that it did not have personal jurisdiction over Roth. Personal jurisdiction within the state of Arkansas is limited only by federal constitutional law. Ark. Code Ann. § 16-4-101(B) (Repl. 2010). Under federal constitutional law, two types of personal jurisdiction exist: specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). When a cause of action arises out of or is related to a defendant's specific contacts with the forum state, the exercise of personal jurisdiction is specific in nature. *Id*. However, if the exercise of jurisdiction arises in a case not stemming from the defendant's specific contacts with the forum state, the exercise of personal jurisdiction is general in nature. *Id*.

In the instant case, there is no dispute that Roth had no specific contacts with the state of Arkansas and that the type of jurisdiction at issue is general. When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if, generally, its contacts with the state are continuous, systematic, and substantial. *Id*. Thus, the question for this court is whether the circuit court correctly found that Roth's contacts with the state of Arkansas were insufficient to establish general personal jurisdiction.

General personal jurisdiction requires "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). There is not a bright-line litmus test for what constitutes "minimum contacts." However, the United States Supreme Court has held that a nonresident defendant's contacts with a forum state must be sufficient to cause the defendant to "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In *John Norrell Arms, Inc. v. Higgins*, 332 Ark. 24, 962 S.W.2d 801 (1998), our supreme court established a five-factor test to determine the sufficiency of those contacts: (1) the nature and quality of the contacts, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *See also Morris v. Christopher*, 2013 Ark. App. 312, at 4–5.

On appeal, Reveley argues that the circuit court erred in finding that Roth did not have sufficient minimum contacts with the state of Arkansas because Roth signed Reveley's 2012 Arkansas tax return, which contained the following statement:

> Under the penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Because Roth signed this return under penalty of perjury, Reveley insists that Roth "clearly acknowledged that she is subject to the jurisdiction of Arkansas courts related to such tax returns and tax issues to which she has been involved."

7

We disagree. While Roth did sign the return under penalty of perjury, Roth's signature on a single document does not settle the matter of personal jurisdiction. Rather, we must consider each of the five factors set out in *John Norrell Arms*, *supra*. Having done so, we conclude that the circuit court did not err in determining that it lacked personal jurisdiction over Roth. As to the nature and quality of contacts with the forum state, Roth signed a 2012 Arkansas tax form; however, she signed the form and gave it to Reveley in Louisiana to file in Arkansas. The quantity of the contacts were equally negligible: Roth prepared only one Arkansas return for Reveley. The relation of the cause of action to the contacts is marginal, because Reveley does not contend that the 2012 form was improperly prepared or filed. Because neither Reveley nor Roth is an Arkansas resident, there is no interest of the forum state in providing a forum for *its* residents. Finally, the convenience of the parties is nonexistent, as both Reveley and Roth live in New Orleans. In summary, Roth simply lacked any significant contact with the state of Arkansas, much less any "continuous, systematic, and substantial" contacts that would support a finding of general personal jurisdiction. There is nothing about the sole act of preparing and signing one tax return in another state that would cause Roth to reasonably anticipate being haled into an Arkansas court. We therefore affirm the decision of the circuit court to dismiss Reveley's complaint.

Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.

*Danielson Law Firm, PLLC*, by: *Erik P. Danielson*, for appellant.

*Barber Law Firm PLLC*, by: *Robert L. Henry III*, for appellee.