Katie NICHOLS & Nick NICHOLS *v.*
INTERNATIONAL PAPER COMPANY et al

82-184                                                            644 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered January 24, 1983

*Barnes, Laney, Gaughan & Singleton,* by: *Tim A. Womack* and *Honey & Rodgers,* by: *Charles L. Honey,* for appellants.

*Wright, Lindsey & Jennings,* by: *Edwin L. Lowther, Jr.,* for appellees.

DARRELL HICKMAN, Justice. The only question on appeal is whether the trial court was wrong in directing a verdict in favor of the appellee, International Paper Company, at the close of the plaintiff-appellants' case. The trial judge, in his ruling, considered the evidence in a light most favorable to the appellants and found no substantial evidence of negligence on the part of International Paper Company. We conclude he was correct and affirm the judgment. *See Midwest Bus Lines, Inc.* v. *Williams,* 243 Ark. 854, 422 S.W.2d 869 (1968).

The Nicholses were injured when their car was struck by falling logs from a vehicle driven by Tony Nelson. These logs are called billets in the pulpwood industry, and are approximately six feet in length and eight inches in diameter. Nelson had a contract to haul loads of billets for International Paper Company using his own tractor and an International Paper Company trailer. It is undisputed that it was the duty of International Paper Company to load the billets on the trailer and then Nelson's duty was to secure the load with a chain and deliver it. It was during such a trip, about fifteen miles from the woodyard that the accident occurred. The Nicholses sued Nelson and International Paper Company for damages. Nelson's insurance carrier

settled his case before trial, but it went to trial as though no settlement had taken place. The trial court directed a verdict on International Paper Company's behalf after the plaintiff-appellants rested their case.

The appellants argue that Nelson testified there were only three things that could have caused the accident: Improper loading, hauling, or binding; the jury could have inferred International Paper Company was negligent in the loading. Nelson testified that he knew he had properly bound the wood and was not negligent in hauling it, and that he accepted the load as properly loaded. Portions of his exact testimony are pertinent.

Q. Okay, I'm sure, Mr. Nelson, that this played on your mind many times since this accident. Do you know what went wrong, what caused that load of wood to fall?

A. No, sir, I do not.

Q. At what phase do you think something did go wrong?

A. It would only be speculation and I don't know what it could be.

*  *  *

Q. Can you tell the jury what happened to make that load go off?

A. No, sir, I can't.

Q. You have no explanation?

A. None at all.

Q. And it was loaded properly? You looked at it?

A. Yes, sir.

Q. And you were not driving too fast?

A. No, sir.

It is argued that since the trailer was picked up by Nelson after working hours it is possible that the load was not leveled or "bumped" by the International Paper Company employees and that Nelson took the load anyway. Bumping is a procedure which balances the billets evenly on the trailer so that they extend the same distance on each side of the trailer. Nelson testified he could tell the load had been leveled and bumped; he saw marks on the billets where a grapple was used to level the load. He had been hauling billets for ten years and to him it was obviously level and balanced. He said he never had and would not accept a load that was not properly loaded.

Herman Terrell Lasiter, a foreman for International Paper Company, testified he was in charge of loading trucks and watched parts of the loading operation that day. He said there was no doubt in his mind Nelson's truck was properly loaded. When asked what happened, he replied that he had no idea.

A state trooper, who investigated the accident, testified that Nelson told him he was traveling fifty-five miles per hour and that he found no evidence that Nelson was speeding. Nelson said up until the accident he had checked the load visually in his mirrors, had seen no problems, and did not stop at any time to check the load and see if it had settled. It was not unusual for a load to settle en route and need adjustment. Nelson said he could tell when such an adjustment was needed because the chain would loosen and he could see that in his mirrors. Nelson started losing logs in an 80 degree curve when the accident occurred. At the same time he saw the Nicholses' vehicle entering the curve on the opposite lane. He said he began using his trailer brakes when he saw he was losing his load, rather than jamming his truck brakes, to avoid jackknifing. His vehicle came to rest about 600 or 700 feet beyond where the first billets were lost.

It is the appellants' argument that this evidence is sufficient to allow a jury to infer that the cause, or one cause

of the accident, was the negligence of International Paper Company in loading the trailer. If the jury did so find, it would be speculation that it was International Paper Company's negligence which caused the accident.

It is true that the plaintiffs were apparently not guilty of any negligence and they did prove that an accident happened. But that is not enough. In W. PROSSER, LAW OF TORTS § 39, the burden of the plaintiff in such a case is explained.

> The mere fact that an accident or injury has occurred, with nothing more, is not evidence of negligence on the part of anyone. . . . What is required is evidence, which means some form of proof; and it must be evidence from which reasonable men may conclude that, upon the whole, it is more likely that the event was caused by negligence than that it was not.

The evidence in this case was Nelson's testimony that the load was properly loaded and bound, and that he was not negligent in driving. He knew of no cause of the accident. The yard foreman's testimony confirmed Nelson's testimony on loading. The plaintiffs simply did not offer one fact or any proof from which the jury could reasonably conclude International Paper Company was guilty of any negligence that was the cause of the accident. The appellants have made a legal conclusion the accident was caused from improper loading with no fact to base that conclusion on.

The trial judge considered the possibility that the plaintiffs may have sustained their burden of proof under the theory of res ipsa loquitur. The trial judge was correct in finding that the doctrine does not apply in this case. First it must be shown that the accident which occurred ordinarily would not have happened in the absence of negligence and it must be caused by an agent or instrumentality within the exclusive control of the defendant. The load was not under the exclusive control of the defendant. The load was not under the exclusive control of International Paper Company at the time of the accident.

It must be shown that the defendant was responsible for all reasonably probable causes of the accident.

> It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case. The injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that he was responsible for all reasonably probable causes to which the accident could be attributed.

PROSSER, *supra; see Dollins* v. *Hartford Accident & Indemnity Co.*, 252 Ark. 13, 477 S.W.2d 179 (1972)

There was not any evidence which would allow the jury to eliminate all causes of this accident other than an improper loading of the trailer. Therefore, res ipsa loquitur could not be applied in this case.

Affirmed.

ADKISSON, C.J., and PURTLE, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. Testimony was that the accident could not have occurred but for either: (1) improper loading, or (2) improper tying of load, or (3) improper driving. Testimony was that tying of load and driving were proper. The question is: Was there substantial evidence from which jury could have found improper loading? The answer is yes, when evidence viewed in light most favorable to the nonmoving party.

JOHN I. PURTLE, Justice, dissenting. I dissent because I think there was sufficient evidence presented from which the jury could have found International Paper Company guilty

of negligence which proximately caused the damages suffered by the appellants. Herman Lasiter, agent of International Paper and Tony Nelson, the truck driver, both testified that the accident would not have happened if: (1) the truck were properly loaded, (2) the load were properly tied down, and (3) the truck were properly driven. All parties admit the appellants were not at fault in any manner. Neither is it disputed that the load spilled from the truck and proximately caused appellants' injuries. The foreman for International Paper, who was responsible for loading the billets stated, according to the abstract: "I didn't load this load. I wasn't standing there every minute the load was being loaded. I am reasonably sure nothing went wrong in the loading."

It is true that the mere happening of an accident is not evidence of negligence on the part of anyone. However, when there is testimony that one of three things could cause an accident and an accident happens in a manner consistent with one of the three then there is evidence of negligence, in my opinion. Only the jury could determine whether the truck was improperly loaded and driven or whether the pulpwood was properly stacked. Under the testimony presented one of the three acts of negligence occurred. It is up to the finder of facts to decide which of these acts, if any, caused the accident. It seems to me that the majority of this court, like the trial judge, took it upon themselves to weigh the evidence and decide the jury questions. Therefore, I would reverse and remand for a trial by the jury.