John "Bo" BESS *v.* Dottie HERRIN, Individually, as Administratrix of the Estate of Steven Maurice Herrin, Deceased, and as Next Friend of Randall Scott Herrin, and Steve Herrin, Jr.

91-244                                              831 S.W.2d 907

Supreme Court of Arkansas
Opinion delivered June 8, 1992
[Supplemental Opinion on Denial of Rehearing
July 20, 1992.]

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Robert E. Hornberger*, for appellant.

*Mark S. Cambiano*, for appellee.

DONALD L. CORBIN, Justice. Appellant, John "Bo" Bess, appeals a judgment of the Conway Circuit Court entered in a wrongful death case pursuant to a jury verdict in favor of appellee, Dottie Herrin, as administratrix of the estate of Steven Maurice Herrin, Sr., and as next friend of Steve Herrin, Jr., and Randall Scott Herrin. Appellant asserts seven points of error, one of which is the trial court's failure to grant a directed verdict on the issue of negligence. We agree that the trial court erred in not directing a verdict for appellant on the issue of negligence. Therefore, we reverse and dismiss.

Appellant is the owner of a tractor-trailer truck he uses to haul timber. On December 19, 1986, he was not able to make his usual run to haul a load of logs. Wayne Herrin, appellant's brother-in-law who was living with appellant at the time, drove appellant's truck to haul the logs from Mulberry, Arkansas, to Morrilton, Arkansas. Appellant's other brother-in-law, Steve Herrin, made the trip with his brother Wayne. Steve Herrin was run over and killed by appellant's truck when Wayne Herrin stopped the truck to check its brakes before descending a steep hill with the full load of logs.

While arguing that the trial court should have directed a verdict on the issue of negligence, appellant recognizes appellee has two theories of appellant's liability. One, appellant supplied Wayne Herrin with a truck in an unsafe condition. Two, Wayne Herrin acted within the scope of his authority as appellant's agent and negligently caused the decedent's death by improperly applying the brakes. On appeal, appellant claims there is insufficient evidence of these two theories of liability to submit the issue of negligence to the jury. He argues there is simply no evidence of negligence and it is improper to submit the issue to the jury with evidence only that an accident occurred.

The following evidence of negligence was presented at trial. Appellant, as the owner of the truck, testified that he had previously had a problem with the brakes on the truck; that he adjusted the brakes every day; that he had driven the truck on the

day prior to the accident and nothing was wrong with the truck; and that he did not adjust the brakes on the day of the accident. Wayne Herrin, as the driver of the truck on the day in question, testified that the brakes worked properly on the trip to Mulberry, Arkansas, where he picked up the load of timber; that on the return trip to Morrilton, Arkansas, because the brakes felt funny, spongy, and like they were not catching properly, he stopped to check the brakes before descending a steep hill; that he set the truck's brakes; that he and the decedent exited the truck to check the brakes; and that the truck began to roll very slowly. Both appellant and Wayne Herrin stated that if the brakes were set on the truck, then the truck should not have moved. Wayne Herrin stated that when the truck began to roll, he entered the truck, found that the brakes were still set, hit the foot brake, reset everything, and the truck stopped rolling. Wayne Herrin testified that it was at this point that he realized his brother Steve was hurt. Wayne Herrin stated he thought his brother was instantly killed; from what he could see his brother's hair must have been caught under the wheel and there was nothing left of him from the chest up. Appellant testified that he drove the truck after the accident and never had any trouble with the brakes.

When reviewing the denial of a motion for directed verdict, we give the proof its strongest probative force, examine it most favorably to appellee, and affirm the trial court's denial if there is any substantial evidence to support the verdict. *Grendell v. Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987). Viewing the foregoing evidence in such light, we are unable to find any substantial evidence to support the jury's verdict of appellant's negligence.

There is evidence that an accident occurred. However, as appellant correctly points out, negligence cannot be presumed from the mere happening of an accident. *Missouri Pacific R.R.* v. *Baum*, 196 Ark. 237, 117 S.W.2d 31 (1938). Except in cases where the doctrine of *res ipsa loquitur* applies, negligence must be proven. *Id*. Here, there was proof that the truck rolled over the decedent; there was proof that the driver set the brakes; and there was proof that the truck had previous brake problems. There was even testimony that if the brakes were set, the truck would not have rolled unless something was wrong with the truck. However, there was simply no evidence to support

either of appellee's theories of negligence; there was no evidence that Wayne Herrin negligently applied the brakes, nor was there evidence that something was wrong with the truck, i.e., that appellant supplied the truck to the Herrins in a unsafe condition.

■ In view of the lack of evidence as to what caused the truck to roll, either the driver's imputed negligent application of the brakes or the unsafe condition of the truck, we conclude there is no substantial evidence to support the jury's verdict. It was error to submit this case to the jury and to deny appellant's motion for directed verdict. The judgment is reversed and the cause dismissed.

HAYS and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. Wayne Herrin testified at trial that the brakes of the logging truck were "spongy" and "didn't feel right" on the hills and curves. Because of this, he and his brother, Steve Herrin, stopped to check them. Wayne Herrin, who was driving, testified that he "set" the brakes after stopping the truck. This process involved pushing two levers on the dash — one for the tractor and one for the trailer — and pulling one lever on the steering column which operated as a parking brake for the trailer. After the two men got out of the truck, it began to roll, which caused the death of Steve Herrin.

Wayne Herrin further testified that if the brakes had been set correctly, the truck should not have moved. After the accident, he said, he jumped in the passenger side of the truck, "climbed across, reapplied the brakes and reset all — all the levers." Herrin did testify that setting the brakes is something you do automatically. But he admitted that the truck never should have moved after the brakes were set or applied the first time, and after he reset the brakes following the accident, the truck never moved again.

The appellant, John "Bo" Bess, agreed that there was no way the truck could have moved had the brakes been set unless something was broken. He testified that he drove the truck after the accident, and nothing was wrong with it.

The other scenario espoused by the appellees is that Bess had failed to adjust the brakes that morning before the trip, and the truck was supplied to the Herrins in an unsafe condition. Under

either the scenario where Bess' agent, Wayne Herrin, negligently set the brakes or the scenario where Bess provided an unsafe vehicle, Bess was in control and is responsible.

Prosser in his distinguished treatise has this to say about inferred negligence:

> It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case. The injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, *or it must be shown that he was responsible for all reasonably probable causes to which the accident could be attributed.*
>
> . . . .
>
> As to dead mice, and the like, in capped bottles, the possibility of deliberate tampering by a stranger has been ruled out as too unlikely, in the absence of some evidence to indicate it. The same kind of question arises when the defendant's car, parked on the side of a hill, is found in motion shortly afterward. Various explanations suggest themselves, including the same tampering stranger; *but it can still be found that the most probable one is negligence in parking the car.*

Prosser, *Law of Torts*, § 39, pp. 218-219 (4th Ed. 1971) (Emphasis added.); *see also* "Presumption of Negligence and Application of Res Ipsa Loquitur Doctrine In Action for Injury or Damage Caused By Accidental Starting Up of Parked Motor Vehicle," 55 ALR3d 1260, *et seq.* (1974).

From the testimony and the circumstances, the jurors could have reasonably inferred that Bess' agent, Wayne Herrin, did not correctly set the brakes. The jurors, of course, had the opportunity to observe Wayne Herrin's demeanor on the witness stand on what is largely a credibility issue. Or the jurors could have

inferred that the truck was unsafe to begin with. In either case, Bess was responsible for the instrumentality causing the accident. To hold otherwise improperly places on the estate of Steve Herrin the obligation to establish how Bess' agent, Wayne Herrin, parked the truck. *See Gleason v. Jack Alan Enterprises, Inc.*, 374 A.2d 408 (Md. Ct. App. 1977). Of course, the estate is limited in this regard to the testimony of Wayne Herrin.

In *Gleason*, a delivery truck without a driver had rolled down a hill and struck a pedestrian in Silver Spring, Maryland. The driver told the investigating police officer that he had set the emergency brake. There was no evidence that any third party had tampered with the truck. The trial court, nevertheless, directed a verdict in favor of the truck's owner.

The Maryland Court of Appeals reversed and wrote in part:

It seems clear to us that the lapse of time between the parking of the vehicle and its unattended motion from its parked position is only one of many factual considerations which a jury may consider in determining whether the vehicle at the time of the occurrence was in the exclusive control of the defendant. The trial court, by its ruling, imposed on the [plaintiff] the obligation to produce testimony to establish the manner in which the vehicle had been parked and the time which it had remained parked before it struck the [plaintiff]. We have found no case which imposes such a burden on the injured party nor have counsel cited any such authority to us. Where, as in this case, that information is peculiarly within the knowledge of the [defendant] or its employees, and, therefore, much more readily ascertainable by the [defendant] than by the [plaintiff], the imposition of the burden suggested by the trial court would in effect emasculate the legal significance of *res ipsa loquitur* and require the [plaintiff] to surrender the favorable inference which arises in those cases where the doctrine applies.

*Gleason*, 374 A.2d at 413-414.

No evidence of any tampering with the truck by a third party or any other reasonable cause for the accident exists. Moreover, the accident occurred after both men were out of the truck and

almost immediately after the brakes were supposedly set. The truck would not have moved without some negligence on the part of Bess or his agent.

The net effect of this decision is to take the matter away from the jury, which is comparable to a directed verdict. Yet, authority abounds for submitting cases of driverless vehicles to the jury for resolution. *See, e.g., Senase v. Johns,* 420 N.E.2d 1104 (Ill. App. 1981); *Knippenberg v. Windemuth,* 238 A.2d 915 (Md. Ct. App. 1968); *Gresser v. Taylor,* 150 N.W.2d 869 (Minn. S. Ct. 1967); *Lewis v. Wolk,* 312 Ky. 536, 228 S.W.2d 432 (1950); *Bobbitt v. Salamander,* 221 S.W.2d 971 (Mo. Ct. App. 1949); *Bacon v. Snashall,* 238 Mich. 457, 213 N.W. 705 (1927). I would affirm the jury's verdict.

HAYS, J., joins.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JULY 20, 1992

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Robert E. Hornberger*, for appellant.

*Mark S. Cambiano*, for appellee.

■ DONALD L. CORBIN, Justice. Appellee petitions for rehearing of this case. In her petition, appellee relies on the concept of inferred negligence and the doctrine of *res ipsa loquitur*. Because we made no errors of law or fact in deciding this case, we deny appellee's request for rehearing. However, because of appellee's reliance on the doctrine of *res ipsa*, it occurred to us that our opinion in this case was in need of clarification on that aspect. Therefore, we write this supplemental opinion to clarify the application of *res ipsa* to this case.

■■ We must first point out that appellee did not rely on the doctrine of *res ipsa* at trial. There are certain elements of *res ipsa* that must be proven, namely that the injury was caused by an instrumentality under the control of the defendant, that the accident ordinarily would not happen in the absence of the defendant's negligence, and that there is no evidence of other causes of the accident. *Stalter* v. *Coca-Cola Bottling Co. of Ark.*, 282 Ark. 443, 669 S.W.2d 460 (1984). The abstract does not indicate that appellee offered any evidence of liability based on the foregoing elements of *res ipsa*. Moreover, in her brief to this court, appellee did not argue that *res ipsa* should apply to this case.

■■ We have consistently held that we do not address arguments raised for the first time on appeal. *Lytle* v. *Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992). Appellee did not even argue the application of *res ipsa* in her appellate brief. As *res ipsa* is not a jurisdictional argument, it is not an issue we are

obligated to raise on our own. *See Quality Ford, Inc.* v. *Faust*, 307 Ark. 371, 820 S.W.2d 61 (1991). In addition, we have held that *res ipsa* is not applicable to an alleged defective brake when the brake mechanism worked properly after the accident, was not destroyed, and was available for inspection after the accident. *Ford Motor Co.* v. *Fish*, 232 Ark. 270, 335 S.W.2d 713 (1960). Thus, we thought the doctrine of *res ipsa* was obviously inapplicable to this case. Hence our language in the majority opinion, "Except in cases where the doctrine of *res ipsa loquitur* applies, negligence must be proven." *Bess* v. *Herrin*, 309 Ark. 555, 557, 831 S.W.2d 907 (1992). What we intended to communicate in that sentence was that the present case was not one in which the doctrine of inferred negligence known as *res ipsa loquitur* applies.

BROWN, J., not participating.