2009 Ark. 89

**Roger SCHUBERT, Appellant,**

v.

**TARGET STORES, INC., Appellee.**

**No. 08–921.**

Supreme Court of Arkansas.

Feb. 26, 2009.

Bassett Law Firm LLP, by: Vincent O. Chadick, Fayetteville, for appellant.

Wright, Lindsey & Jennings LLP, by: Kyle R. Wilson, Little Rock, for appellee.

DONALD L. CORBIN, Justice.

Appellant Roger Schubert appeals an order of the Pulaski County Circuit Court granting a directed verdict in favor of Appellee Target Stores, Inc. On appeal, Appellant avers that it was error for the trial court to grant a directed verdict because he presented sufficient evidence to create a fact question as to whether Appellee was negligent. This court assumed jurisdiction of this appeal, as it is a second appeal; hence, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7). Because there remains an outstanding party with a potential claim, we must dismiss this appeal.

Only a brief recitation of the facts is necessary, as the pertinent facts were set forth in *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 201 S.W.3d 917 (2005) (*Schubert I*). Suffice it to say, Appellant was employed by J.B. Hunt Transport, Inc., as

a tractor-trailer driver. J.B. Hunt contracted with Appellee to provide transportation of its goods. As part of their contractual agreement, Hunt was required to provide workers' compensation coverage for the benefit of both Target and Hunt in the event of an injury to one of Hunt's employees.

On February 19, 1999, Appellant was dispatched to Appellee's distribution center in Maumelle. Once there, he hooked up a sealed trailer that had been loaded by Appellee's employees with bales of cardboard boxes. Appellant then transported the load to an International Paper facility in Mansfield, Louisiana, for recycling. When Appellant opened the trailer doors, a 1,000 pound bale of cardboard fell from the trailer hitting and injuring him. Appellant, a resident of Oklahoma, filed a workers' compensation claim against Hunt in Oklahoma and was subsequently awarded benefits. He then filed a negligence complaint against Appellee in Pulaski County Circuit Court. The circuit court entered an order of summary judgment in favor of Appellee after finding that Louisiana's exclusive-remedy doctrine applied and barred Appellant's negligence suit. This court reversed and remanded the circuit court's order, holding that the substantive law of this state applied. *Id.*

Upon remand, Insurance Company of Pennsylvania, who paid worker's compensation benefits to Appellant, filed a motion to intervene, which was granted. It subsequently filed a "Complaint in Intervention" on March 31, 2008, that stated in relevant part:

> Pursuant to Oklahoma law, Plaintiff could "elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against [the third party tortfeasor]" and "if he elects to take compensation under the Workers' Compensation Act, the cause

of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation." 85 Okl. St. Ann. § 44(a).

The case proceeded to trial, with the circuit court granting Appellee's motion for directed verdict. In its subsequent order, the circuit court made no mention of the Intervenor or its complaint.

While none of the parties raise this issue, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *See Jones v. Huckabee,* 363 Ark. 239, 213 S.W.3d 11 (2005). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties and states in relevant part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .
>
> . . . .
>
> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to

any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Thus, our court has held that under Rule 54(b), an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *See S. Farm Bureau Cas. Ins. Co. v. Easter,* 369 Ark. 101, 251 S.W.3d 251 (2007). More specifically, this court has held that an order that fails to address an intervenor's claim is not a final order. *See Richardson v. Rodgers,* 329 Ark. 402, 947 S.W.2d 778 (1997).

Here, the Intervenor filed a separate "Complaint in Intervention" asserting, in part, that under the law of Oklahoma, any cause of action that Appellant may have is to be assigned to the Intervenor. As such, there may be issues concerning the intervention that remain outstanding and may be subject to appeal. Appellant has failed to meet its burden of producing a record showing that the jurisdictional requirements of Rule 54(b) have been met.

Finally, we take this opportunity to note that Appellant filed a brief that is not in compliance with Arkansas Supreme Court Rule 4–2(a)(5) and (8), as both the abstract and addendum are deficient. The abstract consists only of "excerpts" of testimony from witnesses and omits relevant portions of the testimony adduced at trial. Moreover, Appellant failed to abstract the directed-verdict motion and response thereto. Rule 4–2(a)(5) requires an abstract of the transcript that consists of "an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision."

In addition, the addendum contains only the order and notice of appeal. The complaint, answer, and other pleadings are not included in the addendum. Rule 4–2(a)(8) provides that the appellant's brief shall contain an addendum that includes a true legible photocopy of the order or judgment from which the appeal is taken, "along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal."

Appeal dismissed without prejudice.

IMBER, J., not participating.