2010 Ark. 466

**Roger SCHUBERT, Appellant,**

v.

**TARGET STORES, INC., Appellee.**

No. 10–349.

Supreme Court of Arkansas.

Dec. 2, 2010.

Bassett Law Firm LLP, by: Vincent O. Chadick and Grace K. Johnson, Fayetteville, for appellant.

Wright, Lindsey & Jennings LLP, by: Kyle R. Wilson and Kristen S. Moyers, Little Rock, for appellee.

DONALD L. CORBIN, Justice.

Appellant Roger Schubert appeals the order of the Pulaski County Circuit Court directing a verdict in favor of Appellee Target Stores, Inc. On appeal, Schubert asserts that the circuit court erred in determining that there was not sufficient evidence to submit to the jury the issue of whether Target's negligence caused Schubert's injuries. As this is a subsequent appeal, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(a)(7) (2010). We find no error and affirm.

Only a brief recitation of the facts is necessary, as the pertinent facts were set forth in *Schubert v. Target Stores, Inc.,* 360 Ark. 404, 201 S.W.3d 917 (2005) (*Schubert I* ), and *Schubert v. Target Stores, Inc.,* 2009 Ark. 89, 302 S.W.3d 33 (*Schubert II* ). Suffice it to say, Schubert was employed by J.B. Hunt Transport, Inc., as a tractor-trailer driver. J.B. Hunt contracted with Target to provide transportation of its goods. On February 19, 1999, Schubert was dispatched to Target's distribution center in Maumelle. Once there, he hooked up a sealed trailer that had been loaded by Target's employees with bales of cardboard boxes. Schubert then transported the load to an International Paper facility in Mansfield, Louisiana, for recycling. When Schubert opened the trailer doors, a 1,000–pound bale of cardboard fell from the trailer hitting and injuring him. After Schubert sought and received workers' compensation benefits, he filed a negligence action against Target in Pulaski County Circuit Court. Initially, the circuit court granted summary judgment in favor of Target on the basis that Louisiana's exclusive-remedy doctrine applied and barred Schubert's negligence suit. This court reversed and remanded the circuit court's order, holding that the substantive law of this state applied. *Schubert I,* 360 Ark. 404, 201 S.W.3d 917.

Upon remand, Insurance Company of Pennsylvania, who had paid workers' compensation benefits to Schubert, filed a motion to intervene. The motion was granted and the matter proceeded to trial. Following Schubert's presentation of evidence, Target moved for a directed verdict on the ground that Schubert had presented no evidence to support his claim of negligence

nor could he support his claim by inference using the doctrine of res ipsa loquitur. The circuit court granted Target's motion, but in entering its order failed to dispose of the outstanding claim in intervention. Thus, on appeal to this court a second time, we dismissed the appeal without prejudice because we lacked a final, appealable order pursuant to Ark. R. Civ. P. 54(b). *Schubert II,* 2009 Ark. 89, 302 S.W.3d 33. The outstanding claim in intervention has now been dismissed, and Schubert again appeals the order directing a verdict in favor of Target.

Schubert's sole point on appeal is that the circuit court erred in granting Target's motion for directed verdict at the close of his case-in-chief where he presented ample evidence to create a factual question for the jury. Target counters that the directed verdict was appropriate because Schubert's theory that the accident would not have happened if Target employees had used ordinary care in loading the truck was not supported by any evidence.

In determining whether a directed verdict was properly granted, we view the evidence in the light most favorable to the party against whom the verdict was sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Mankey v. Wal–Mart Stores, Inc.,* 314 Ark. 14, 858 S.W.2d 85 (1993); *Lytle v. Wal–Mart Stores, Inc.,* 309 Ark. 139, 827 S.W.2d 652 (1992). A motion for a directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Boykin v. Mr. Tidy Car Wash, Inc.,* 294 Ark. 182, 741 S.W.2d 270 (1987). In order to constitute substantial evidence, the evidence must be of sufficient force and character to compel a conclusion one way or the other with reasonable certainty and must force the mind to pass beyond mere suspicion or conjecture. *See Cadillac*

*Cowboy, Inc. v. Jackson,* 347 Ark. 963, 69 S.W.3d 383 (2002). Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Mankey,* 314 Ark. 14, 858 S.W.2d 85.

In order to establish a prima facie case of negligence, Schubert had to show that he sustained damages, that Target was negligent, and that such negligence was a proximate cause of his damages. *See, e.g., Mangrum v. Pigue,* 359 Ark. 373, 198 S.W.3d 496 (2004). This court has stated that negligence is the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do. *Id.; City of Caddo Valley v. George,* 340 Ark. 203, 9 S.W.3d 481 (2000). Proximate cause means a cause, which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred. *Mangrum,* 359 Ark. 373, 198 S.W.3d 496.

A plaintiff cannot rely on inference based on conjecture to establish a claim of negligence, and the mere fact that an accident occurred is not evidence of negligence. *See Nichols v. Int'l Paper Co.,* 278 Ark. 226, 644 S.W.2d 583 (1983). In other words, negligence is not imposed in the absence of proof. *See Bess v. Herrin,* 309 Ark. 555, 831 S.W.2d 907 (1992). Moreover, conjecture and speculation, however plausible, cannot be permitted to supply the place of proof. *Mangrum,* 359 Ark. 373, 198 S.W.3d 496. The fact that an accident occurred with nothing more is not evidence of negligence on the part of anyone. *Nichols,* 278 Ark. 226, 644 S.W.2d 583.

Here, Schubert claimed negligence based on his assertion that Target employees were negligent in loading the trailer

with the cardboard bales, thus, causing one of the bales to fall from the trailer, striking and injuring him. To support this contention, Schubert put forth his testimony, the testimony of Rodney Schluterman, a facility-operations group leader at the Target distribution facility, and the testimony of his wife, Lorene Schubert. Schubert testified that when he reached the Mansfield facility, he removed the tamper seal and was opening the trailer door when a cardboard bale fell from the trailer, hitting his shoulder and hip. Initially, Schubert testified that there was a "bale laying up on top that should never have been put in that trailer." Schubert also testified that he believed the accident resulted from someone at the Target facility using a forklift to try to stick the bale in but that it would not go in all the way. Schubert admitted, however, that he did not see the Target employees load the trailer. Moreover, Schubert admitted that he did not see the bale while it was in the trailer and that the first time he saw it was when it was on the ground on top of him. Schubert also testified that there was no indication of a problem with the load and that during transit it pulled well and straight, with no leaning. Finally, Schubert admitted that a load can shift during a haul, which was why he always exercised caution when opening the trailer doors.

Schluterman, who oversees the loading of cardboard bales, testified that while there are no written manuals or procedures advising employees how to handle the bales, they are instructed on the proper way to handle them by utility trainers. He also testified that there were safety protocols in place with respect to the loading of the cardboard bales onto trailers. Schluterman also stated that even though tamper seals are placed on the trailers, drivers can ask that they be removed in order to inspect the load. Finally, Schluterman testified that he asked his group leaders about the accident, and no one knew what happened or how a bale could have fallen out of the trailer.

Lorene Schubert testified that she had no personal knowledge of what happened at the Mansfield facility because she was not there. She also stated that she was surprised that her husband had been injured, because he was always so careful.

While this evidence demonstrates that there was an accident resulting in Schubert being injured, it provides no substantial proof that the accident resulted from the negligence of Target. As stated before, except in cases where the doctrine of res ipsa loquitur applies, negligence must be proven. *Bess,* 309 Ark. 555, 831 S.W.2d 907.

Alternatively, the circuit court found that this was not a proper case for application of the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur was developed to assist in the proof of negligence where the cause is connected with an instrumentality in the exclusive control of a defendant. *Mangrum,* 359 Ark. 373, 198 S.W.3d 496; *see also Barker v. Clark,* 343 Ark. 8, 33 S.W.3d 476 (2000). It applies where the evidence of the true cause is available to the defendant but not to the plaintiff. *Mangrum,* 359 Ark. 373, 198 S.W.3d 496; *Dollins v. Hartford Accident & Indem. Co.,* 252 Ark. 13, 477 S.W.2d 179 (1972). The doctrine, when applicable, allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence. *Phillips v. Elwood Freeman Co.,* 294 Ark. 548, 745 S.W.2d 127 (1988).

In order to invoke the doctrine of res ipsa loquitur, a plaintiff must show that (1) the defendant owes a duty to the plaintiff to use due care; (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the

accident which caused the injury is one that, in the ordinary course of things would not occur if those having control and management of the instrumentality used proper care; and (4) there is an absence of evidence to the contrary. *Barker*, 343 Ark. 8, 33 S.W.3d 476. We explained in *Nichols*, 278 Ark. 226, 644 S.W.2d 583, as follows:

> It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case. The injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that he was responsible for all reasonably probable causes to which the accident could be attributed.

*Id.* at 231, 644 S.W.2d at 586 (citing William L. Prosser, *Handbook of the Law of Torts* § 39 (4th ed.1971)). In other words, this presumption is limited to situations where the defendant's negligence has been substantially proven. *See Barker*, 343 Ark. 8, 33 S.W.3d 476.

Here, we cannot say that the doctrine of res ipsa loquitur applies. Although Schubert asserts that the trailer was in the exclusive control of Target, as evidenced by the tamper seal placed on the trailer, this, in and of itself, is not enough to establish that res ipsa loquitur applies. Schubert simply did not put forth evidence that would have allowed the jury to eliminate all causes of the accident other than improper loading by Target employees. *See Nichols*, 278 Ark. 226, 644 S.W.2d 583 (holding that res ipsa loquitur did not apply in a case where all possible causes, other than improper loading of a logging truck, caused the accident). In fact, Schubert admitted that there appeared to be no problem with the load during the trip to Louisiana and that the trailer pulled straight as it should have. He also admitted that it is possible for a load to shift during transit, even with normal driving conditions.

Accordingly, we find no error in the circuit court's order granting Target's motion for directed verdict.

Affirmed.