2011 Ark. App. 542

Amanda M. JOHNSON, Appellant

v.

M.S. DEVELOPMENT COMPANY, LLC, f/k/a Magic Springs Development Co., LLC, and Magic Springs Development Co., LLC, both d/b/a Magic Springs & Crystal Falls, Appellees.

No. CA 11–246.

Court of Appeals of Arkansas.

Sept. 21, 2011.

Paul Thomas Bennett, Pine Bluff, for appellant.

Edwin L. Lowther Jr., Little Rock, Gaylee W. Gillim, Louisville, KY, for appellees.

LARRY VAUGHT, Chief Judge.

Appellant Amanda Johnson appeals the order of summary judgment entered by the Jefferson County Circuit Court in favor of appellees M.S. Development Company, LLC and Magic Springs Development Company, LLC, both f/k/a Magic Springs Development Co., LLC, and both d/b/a Magic Springs & Crystal Falls (Magic Springs). Johnson raises one argument on appeal—that the trial court erred in dismissing her complaint based on its finding that, as a matter of law, the doctrine of res ipsa loquitur was not applicable. We affirm.

On May 13, 2007, Johnson, along with her boyfriend Danny (now her husband) and her sister Sarah went to the waterpark at Magic Springs. Soon after arriving, they decided to ride the High Sierra Slide Tower waterslide. It is an enclosed structure, and riders slide down it while sitting in inner tubes provided by Magic Springs. Johnson and Danny decided to ride together. Danny carried a double-rider inner tube to the top of the slide. Johnson sat in the front, while Danny sat in the back. When the attendant told them it was their turn to go, Johnson said that she and Danny grabbed the bars at the top of the waterslide to pull themselves forward and down into the slide. As they made their descent, they held onto the handles on the inner tube. According to Johnson's deposition testimony, after the second turn, they traveled too high up the side of the slide and when they entered the next turn they flipped over and fell out of the inner tube. Johnson injured her face when it struck the bottom of the slide.

On May 7, 2009, Johnson filed a complaint against Magic Springs and later filed an amended complaint. In the latter, Johnson alleged that the waterslide was under the exclusive control of Magic Springs at the time of her injuries. She also alleged that Magic Springs was negligent (in operating an unreasonably dangerous waterslide that was defectively designed and in failing to adequately warn Johnson of the dangers of the waterslide) and that its negligence was the proximate cause of her injuries.

Magic Springs filed a motion for summary judgment contending that Johnson's amended complaint should be dismissed because there was no evidence of negligence on the part of Magic Springs and no evidence that any negligence of Magic Springs was the proximate cause of Johnson's injuries. Additionally, Magic Springs argued that it did not have exclusive control of the inner tube upon which Johnson was riding at the time of her injuries; therefore, to the extent that Johnson alleged the application of the doctrine of res ipsa loquitur, the doctrine did

not apply. After a hearing, the trial court granted the motion for summary judgment, finding:

> 1. The fact that an accident occurred is not evidence of negligence.
>
> 2. [Magic Springs] did not have exclusive control of the instrumentality that [Johnson] alleged caused her injuries. Therefore, the doctrine of res ipsa loquitur [sic] is inapplicable under the circumstances of this case.
>
> 3. [Johnson] offered no other evidence that [her] injuries were proximately caused by the negligence of [Magic Springs]. Consequently, an essential element of [Johnson's] claims is not supported by credible evidence, and her claims should be dismissed with prejudice.

Johnson filed a timely appeal from the order. Her sole argument on appeal is that the trial court erred in granting summary judgment to Magic Springs because there are questions of fact on the issue of whether res ipsa loquitur applied.[1]

Our standard of review is well settled in cases involving the grant of summary judgment:

> In reviewing summary judgment cases, this court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. The moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof showing a material issue of fact. However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.

*Myers v. Cooper Clinic, P.A.,* 2011 Ark. App. 435, at 9, 384 S.W.3d 622, 627.

The doctrine of res ipsa loquitur was developed to assist in the proof of negligence where the cause is connected with an instrumentality in the exclusive control of a defendant. *Schubert v. Target Stores, Inc.,* 2010 Ark. 466, at 6, 369 S.W.3d 717, 720. It applies where the evidence of the true cause is available to the defendant but not to the plaintiff. *Id.,* 369 S.W.3d at 720. The doctrine, when applicable, allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence. *Id.,* 369 S.W.3d at 720.

In the words of Mr. Justice Holmes, res ipsa loquitur is "merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence

---

1. Johnson's appeal does not challenge the trial court's finding that Johnson offered no evidence that her injuries were proximately caused by the negligence of Magic Springs.

in this case." (Citation omitted). This is the kind of inference that jurors commonly are allowed to make from circumstantial evidence, the only difference being that, when res ipsa loquitur applies, the circumstantial evidence from which the inference is drawn is the fact of the injury itself, plus the few obvious facts which surround the injury but do not clearly explain how it happened.

*Marx v. Huron Little Rock,* 88 Ark.App. 284, 292, 198 S.W.3d 127, 133 (2004) (citing *Coca–Cola Bottling Co. v. Hicks,* 215 Ark. 803, 807, 223 S.W.2d 762, 764–65 (1949)).

To invoke the doctrine of res ipsa loquitur, a plaintiff must show that (1) the defendant owes a duty to the plaintiff to use due care;[2] (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the accident which caused the injury is one that, in the ordinary course of things would not occur if those having control and management of the instrumentality used proper care; and (4) there is an absence of evidence to the contrary. *Schubert,* at 6–7, 369 S.W.3d at 720–21. Our supreme court has stated, "To make certain that the injury has not been caused by somebody else, through some intervening negligence, it is ordinarily required that the instrumentality causing injury have been in defendant's exclusive possession and control up to the time of the plaintiff's injury." *Barker v. Clark,* 343 Ark. 8, 14, 33 S.W.3d 476, 480 (2000). *See also* AMI Civ. 609 (stating that exclusive control of the instrumentality by the defendant is a required element of res ipsa loquitur).

In the case at bar, the trial court found that the res ipsa loquitur doctrine did not apply. In reaching this conclusion, the court made only one finding: Magic Springs did not have exclusive control of the instrumentality that Johnson alleged caused her injuries. On appeal, Johnson argues that this finding was error because there is a question of fact as to whether the instrumentalities that caused her injuries were in the exclusive control of Magic Springs. She argues that Magic Springs controlled the design of the waterslide, its opaqueness, the amount and speed of water flowing through it, the size and material of the inner tubes, the handles on the inner tubes, the inflation pressure of the inner tubes, and the position in which riders sat in the inner tubes.

The evidence presented does not demonstrate that Magic Springs was in exclusive control of the inner tube at the time it flipped over. The deposition testimony of Johnson and Danny confirms that the inner tube, in the minutes leading up to the accident, was in their control. They selected the inner tube, carried it to the top of the waterslide, placed it in front of the slide they chose to ride, positioned themselves in it, pulled themselves while in the tube from the waiting pool into the slide, and rode the tube down the slide, gripping it by its handles. While Johnson argues that she and Danny did not have any control of the inner tube from the beginning of the slide until the time it flipped over, she and Danny testified in their depositions that, when they rode down the slide, they did not make any attempt to adjust their positions on the inner tube and they did not raise their bodies up from the tube. Instead, they leaned back as far as they could while holding onto the handles of the tube. This testimony establishes that Johnson and

---

**2.** All parties agree that Johnson was an invitee of Magic Springs. As such, Magic Springs owed her a duty to exercise ordinary care to maintain its premises in a reasonably safe condition. *Fleming v. Wal–Mart, Inc.,* 268 Ark. 559, 563, 595 S.W.2d 241, 243 (Ark.App. 1980).

Danny had some level of control of the inner tube at the time of her injury. If she and Danny had *some* control over the tube, then Magic Springs could not have had *exclusive* control over it. We will not apply the doctrine of res ipsa loquitur when all other responsible causes, such as the conduct of the plaintiff or third person, are not sufficiently eliminated. *Barker,* 343 Ark. at 15, 33 S.W.3d at 481.

Johnson cites *Marx* and *Fleming,* arguing that the doctrine of res ipsa loquitur can apply despite evidence that a plaintiff controlled the instrumentality prior to the accident and evidence that the plaintiff had the ability to control the instrumentality. In *Marx,* we held that the doctrine of res ipsa loquitur applied where a hotel guest was injured when a toilet-seat lid became detached while she was sitting on it. There was evidence that the lid was defective, and there was no evidence of comparative fault. *Marx,* 88 Ark.App. at 288, 293, 198 S.W.3d at 130, 133. Acknowledging the fact that the guest had used the toilet the night before and morning of the accident, we held that "the toilet lid, in the ordinary course of things, would not have detached from the toilet assembly if [the hotel] had used proper care." *Id.* at 293, 198 S.W.3d at 133.

In *Fleming,* a metal utility cabinet fell off a display onto a customer. The trial court directed a verdict in favor of Wal–Mart, finding res ipsa loquitur did not apply. This court reversed and remanded, holding that there was evidence that the cabinet itself was unstable and no evidence that any other customers mishandled or rearranged the display. *Fleming,* 268 Ark. at 565–66, 570, 595 S.W.2d at 244–45, 247. In addition to holding that the customer's inspection of the cabinet did not operate to destroy Wal–Mart's exclusive control, *Id.,* 595 S.W.2d at 247, we further held that because there was an absence of

customer abuse or some other unforeseeable or uncontrollable event that would explain why the cabinet fell without negligence on the part of Wal–Mart, it was only logical to conclude that the cabinet fell as the result of the negligence of Wal–Mart. *Id.* at 571, 595 S.W.2d at 247.

The instant case is distinguishable from *Marx* and *Fleming* because, in those cases, there was no evidence that the injured parties or anyone else other than the defendants were in control of the instrumentalities that caused the injuries at the time the injuries occurred. In contrast, we have held herein that Magic Springs was not in exclusive control of the instrumentality Johnson claims caused her injury. Further, in both *Marx* and *Fleming,* it was expressly held that res ipsa loquitur applied because there was evidence that the accidents that caused the injuries would, in the ordinary course of things, not have occurred if those having control of the instrumentality used proper care. Generally, a hotel toilet lid does not slide off a toilet in the absence of negligence on the part of the hotel. *Marx,* 88 Ark.App. at 293, 198 S.W.3d at 133. Likewise, a utility cabinet does not typically fall off a retail display onto a customer in the absence of negligence on the part of the retailer. *Fleming,* 268 Ark. at 571, 595 S.W.2d at 247.

Assuming, *arguendo,* that Magic Springs had exclusive control of the instrumentality causing Johnson's injury, the accident (although unfortunate) was not one that—in the ordinary course of things—would not have transpired but for the negligence of Magic Springs. To the contrary, it is very possible that Johnson, a person sitting with another person in an inner tube riding down a curvy waterslide, could have fallen off the tube in the complete absence of negligence on the part of Magic Springs. Furthermore, there was

evidence in this case that Johnson saw twenty people ride down the High Sierra slide prior to her ride and that Johnson's sister rode the same slide immediately after Johnson's ride—all without incident.

In the instant case, Johnson failed to present proof of Magic Springs's exclusive control of the inner tube, and she also failed to put forth evidence that would have allowed the jury to eliminate all causes of her accident other than Magic Springs's negligence. *Schubert*, 2010 Ark. 466, at 7, 369 S.W.3d at 721 (citing *Nichols v. Int'l Paper Co.*, 278 Ark. 226, 644 S.W.2d 583 (1983)). Accordingly, we hold that the trial court correctly found that the doctrine of res ipsa loquitur did not apply to Johnson's case, and we affirm the trial court's order of summary judgment dismissing her complaint with prejudice.

Affirmed.

HOOFMAN and BROWN, JJ., agree.