



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-151

|  |  |  |
|---|---|---|
| OSCAR HERNANDEZ | | **Opinion Delivered** November 19, 2014 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [No. CR-2011-804-2] |
| V. | | |
| | | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellant Oscar Hernandez was convicted by a Benton County jury of two counts of rape, pursuant to Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013), and was sentenced to twenty-five years' imprisonment for one count and thirty-two years' imprisonment for the second count, to run concurrently. Hernandez's sole point on appeal challenges the sufficiency of the evidence supporting the convictions. We order rebriefing.

On June 20, 2013, the State filed an amended criminal information against Hernandez, alleging that he raped KD, a twelve-year-old minor, on or about June 1, 2010, through September 15, 2010, in Benton County. At trial, KD testified that during the summer of 2010, when she was twelve years old, she developed a friendship with Hernandez (who was twenty-six years old) that led to a sexual relationship. She described multiple sexual encounters with Hernandez that included him inserting his penis into her vagina. She said that the encounters

occurred three times a week or more from the end of June 2010, to the beginning of September 2010.

Captain Jeremy Felton of the Benton County Sheriff's Office testified that he investigated the rape allegations KD made against Hernandez, which led to his video-taped interview.[1] During the interview, Hernandez admitted having sex with KD on two occasions, adding that it was consensual and that she pursued him. He also admitted in the interview that he knew that KD was twelve years old. Captain Felton testified that after the interview, Hernandez wrote an apology letter to KD.

Gentry Police Officer Rachel Raimer testified that she also investigated the sexual-abuse allegations KD made against Hernandez. Officer Raimer said that she spoke with Hernandez on three occasions. During the third interview, in which Captain Felton also participated, Officer Raimer said that Hernandez filled out a Gentry Police Voluntary Statement and wrote an apology letter to KD.

Hernandez was the final witness to testify. He said that the things he said during his video-taped interview were "misunderstandings." He stated that he and KD were only friends and that he did not have sex with her. However, he testified about an occasion when, after drinking "way too much" beer, he fell asleep in his car and awoke to find KD on top of him. When he moved her off of him, she exited the car and ran off. Later that night, he found a

---

[1]Hernandez's brief does not include an abstract of the interview, and his brief does not include a copy of the CD of the interview in the addendum. However, the interview is abstracted and included in the State's brief on appeal.

condom, with his semen inside, on his penis. He said he did not remember having sex with KD.

After deliberations, the jury found Hernandez guilty of two counts of rape. He filed a timely notice of appeal, challenging the sufficiency of the evidence supporting the convictions. However, we cannot reach the merits of his appeal due to briefing deficiencies.

First, Hernandez's abstract is deficient. At the conclusion of the State's case, counsel for Hernandez moved for a directed verdict, which was denied. This motion and response are abstracted. After Hernandez testified and his counsel rested, the record reflects that counsel moved to renew the motion for directed verdict, which was again denied. However, Hernandez has failed to abstract the renewed directed-verdict motion and the trial court's response to it.

Arkansas Supreme Court Rule 4-2(a)(5) (2013) requires that an appellant create an abstract of the material parts of the transcript in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5). Because Hernandez challenges the sufficiency of the evidence supporting his convictions, this omitted material is essential for our review. When an appellant fails to abstract a directed-verdict motion and response thereto, the brief on appeal is not in compliance with Rule 4-2(a)(5). *Wells v. State*, 2012 Ark. App. 348, at 2 (citing *Schubert v. Target Stores, Inc.*, 2009 Ark. 89, 302 S.W.3d 33).

Hernandez's addendum is deficient as well. Witnesses testified that Hernandez wrote a voluntary statement and an apology letter, which were introduced into evidence at trial. However, Hernandez failed to include these documents in the addendum in violation of

SLIP OPINION

Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) (2013), which requires that the addendum to an appellant's brief include all documents essential for the appellate court to understand the case and the issues on appeal. Because Hernandez's sole point on appeal is the sufficiency of the evidence supporting his rape convictions, these documents are necessary for our review.

Therefore, pursuant to Arkansas Supreme Court Rule 4-2(b)(3), we order Hernandez to file a substituted brief curing these deficiencies within fifteen days from the entry of this order. After service of the substituted brief, the State will have the opportunity to file a responsive brief, or it may choose to rely on the brief previously filed in this appeal. We also advise Hernandez's counsel to examine our rules closely to ensure that no additional deficiencies are present.

Rebriefing ordered.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Peter E. Giardino*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.