
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-151

| | | |
|---|---|---|
| | | **Opinion Delivered** March 4, 2015 |
| OSCAR HERNANDEZ | | APPEAL FROM THE BENTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. CR-11-804] |
| V. | | |
| | | HONORABLE BRADLEY LEWIS |
| | | KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Oscar Hernandez appeals the July 17, 2013 sentencing order, entered by the Benton County Circuit Court, convicting him of two counts of rape. Hernandez's sole point on appeal is that there was insufficient evidence to support his conviction on the first count of rape. We affirm.

On June 20, 2013, the State filed an amended criminal information against Hernandez alleging that he violated Arkansas Code Annotated section 5-14-103, on or about June 1, 2010, through September 15, 2010, in Benton County, by engaging in sexual intercourse and/or deviate sexual activity with KD, a minor. At the jury trial, KD (born December 3, 1997) testified that during the summer of 2010, when she was twelve years old, she developed a friendship with Hernandez, who was twenty-six years old, that led to a sexual relationship. At trial, she described the details of two sexual encounters with Hernandez. The first occurred after Hernandez had taken KD and her little brother home from a party. Upon their arrival, she

said that she and Hernandez climbed into the back seat, he unbuckled her pants and removed her underwear, and he removed his clothes. She said that they had sex when he inserted his penis into her vagina. KD described a second similar encounter that took place later that night.[1] She added that they continued to have sex approximately three times a week from the end of June to the beginning of September 2010. She told the jury she really liked Hernandez.

Rachelle Raimer, a Gentry Police Officer, testified that she investigated the rape allegations against Hernandez. She said that she interviewed him three times. In the first two interviews, Hernandez denied the rape allegations. According to Raimer, the third interview was led by Captain Jeremy Felton of the Benton County Sheriff's Office, and it was video-taped. Following the third interview, Raimer said that Hernandez provided a hand-written statement, in which he wrote that he drove KD and her brother home and that he (Hernandez) fell asleep in the vehicle. When he woke up, KD was holding his penis and was performing oral sex on him. She then put a condom on him, and she "get on my dick for like 15 minutes."[2]

Captain Felton testified that he conducted the video-taped interview of Hernandez. During this interview, Hernandez admitted having sex with KD on two occasions and offered details about their sexual encounters, adding that it was consensual and that she had pursued him. He said that one encounter took place in his car after he had taken KD and her brother

---

[1]Because Hernandez does not challenge the sufficiency of the evidence supporting his conviction on the second count of rape, we have not included the details of her description of the second sexual encounter.

[2]Hernandez's statement also included a description of a second sexual encounter with KD.

home from a party. On that occasion, he said that they had sex (his penis inserted in her vagina) for five minutes.[3] He also admitted knowing that KD was twelve years old. Captain Felton testified that after the interview, Hernandez wrote an apology letter to KD. The apology letter stated:

> Hi! I hope you and your family are fine[.] I just wanted to tell you that I love you a lot as a person and I hope that your parents understand that everything that happened was a mistake that we both made and that I truly wish the best for you and your family.
>
> [F]or my part I am going to accept the consequences of my acts and try to resolve this the best way possible. Take good care of yourself and don't get into trouble! I send you a hug.

At trial, Hernandez testified that he and KD were only friends and that the admissions he made during his interview were misunderstandings based on the language barrier. He said that when Felton asked him how many times he and KD had sex, he thought Felton asked how many times he had talked on the phone with her. Later, he testified that he did not have sex with KD; rather, she had oral sex with him. On the stand, he described one incident when he was intoxicated and passed out in his car. He said that he woke up to find KD on top of him. He said he moved her over, she picked up her pants, and she ran off. When he got home later that night, he went to the bathroom and found a condom on his penis with his semen inside it. He speculated that KD had put her mouth on his penis in order to cause him to ejaculate into the condom. At trial, he maintained that his penis was not in KD's vagina. He told the jury

---

[3]In his video-taped interview, Hernandez admitted to a second sexual encounter with KD.

that he knew it would have been wrong to have sex with KD and that he was the one who had been abused.

The jury found Hernandez guilty of two counts of rape pursuant to Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013), and the trial court sentenced him to twenty-five years' imprisonment for count one and thirty-two years' imprisonment for count two, to run concurrently. He filed a timely notice of appeal.[4]

Hernandez's sole challenge on appeal is that substantial evidence fails to support the conviction of the first count of rape. He points to testimony that he was drunk and unconscious during the first encounter, that he did not put the condom on, and that he did not penetrate KD. He claims that it was KD who caused the penetration and that there was no evidence that he instructed KD to cause the penetration.

In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Richey v. State*, 2013 Ark. App. 382, at 2. This court will affirm a conviction when there is substantial evidence to support it; substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Moreover, the jury is responsible for determining the weight and credibility of evidence, and a rape victim's testimony, standing alone, is sufficient to support a

---

[4]This is the second time this case has been submitted. Previously, we ordered rebriefing due to deficiencies in the abstract and addendum. *Hernandez v. State*, 2014 Ark. App. 667. These deficiencies have been corrected.

conviction if it establishes the elements of the offense. *Id.* (citing *Bruner v. State*, 2013 Ark. 68, 426 S.W.3d 386; *Rohrbach v. State*, 374 Ark. 271, 287 S.W.3d 590 (2008)).

Arkansas Code Annotated section 5-14-103(a)(3)(A) provides that "[a] person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person . . . [w]ho is less than fourteen (14) years of age." Sexual intercourse is defined as "penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(11) (Repl. 2013).

Substantial evidence supports the count-one rape conviction in this case. At trial, KD testified about the first occasion in which she had sexual intercourse with Hernandez. She testified that it happened after he drove her home from a party. She said that in the back seat of his vehicle, Hernandez inserted his penis into her vagina. The uncorroborated testimony of a rape victim, including a child, standing alone can constitute sufficient evidence to support a conviction, and any evaluation as to the credibility of the witness is a matter for the finder of fact. *Richey*, 2013 Ark. App. 382, at 5. KD's testimony alone is substantial evidence supporting the conviction for the first count of rape.

However, in this case there is additional evidence that corroborates KD's testimony. Hernandez admitted in his video-taped interview that he knew KD was twelve years old and that they engaged in sexual intercourse for about five minutes in his vehicle after attending a party. Hernandez wrote a statement in which he admitted to having sex with KD for about fifteen minutes after he had driven her and her brother home from a party. And Hernandez wrote KD an apology letter admitting that he made a mistake and that he was going to accept

the consequences of his actions. This evidence, coupled with KD's testimony, is substantial evidence supporting the count-one rape conviction.

Hernandez argues that "the facts in the light most favorable to [him]" demonstrate that substantial evidence does not support the count-one rape conviction. In an attempt to characterize himself as a passive participant and KD as the aggressor, he cites his trial testimony wherein he denied having a sexual relationship with KD and stated that while he was asleep KD must have had oral sex with him. He claims that he was the one who had been abused. We reject this argument. First, in reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Richey*, 2013 Ark. App. 382, at 2. We do not consider the evidence in the light most favorable to the defendant. Second, it is the province of the jury to determine the credibility of the testimony. *Id.* at 2. Here, the jury did not believe Hernandez's version of events. Finally, to the extent that Hernandez argues that KD consented to the sexual encounter, his position misapprehends the law: consent is no defense to the rape of a person who is less than fourteen years old. Ark. Code Ann. § 5-14-103(b) (Repl. 2013); *see also Hood v. State*, 2010 Ark. App. 299, at 3 (holding that the victim's consent is no defense to a prosecution for rape under section 5-14-103(a)(3)).

Accordingly, we hold that substantial evidence supports Hernandez's conviction on the first count of rape and affirm.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Peter E. Giardino*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.